**ALLIED FINANCE COMPANY OF BAY CITY et al., Petitioners,**

**v.**

**J. M. FALKNER, Banking Commissioner et al., Respondents.**

**No. A–11098.**

Supreme Court of Texas.

Dec. 31, 1965.

Rehearing Denied Jan. 26, 1966.

Locke, Purnell, Boren, Laney & Neely, J. L. Shook, Dallas, for petitioners.

Waggoner Carr, Atty. Gen., Austin, Ralph R. Rash, Asst. Atty. Gen., for respondents.

PER CURIAM.

The opinion of the Court of Civil Appeals is reported in 394 S.W.2d 208. The application for writ of error filed by the Allied Finance Companies doing business in Louisiana (Lake Charles, Lafayette, Shreveport and Baton Rouge) is dismissed for want of jurisdiction. The application for writ of error filed by Allied Finance Company of Bay City and the other

Allied Finance Companies doing business in Texas is refused, no reversible error.

■ We approve the holding of the Court of Civil Appeals that the portion of Section 29 of the Texas Regulatory Loan Act of 1963, Acts 1963, 58th Leg., Reg. Sess. ch. 205, p. 550, Article 6165b, Vernon's Ann.Tex.Stats., which provides that the provisions of chapter 165, Acts of the 42nd Legislature, Regular Session, 1931, as amended, compiled as Article 1524a, Vernon's Annotated Civil Statutes of Texas, shall not apply to a licensee under the Texas Regulatory Loan Act of 1963, is void and unenforceable because of a Legislative failure to comply with requirements of Article 3, Section 35 of the Constitution of Texas, Vernon's Ann.St.

■ We also approve of the action of the Court of Civil Appeals in construing Art. 1524a and the Texas Regulatory Loan Act as if the restrictive application of Art. 1524a as stated in the Title of the Regulatory Loan Act had been incorporated into the body of the Act for the reason that the Regulatory Loan Act, being a later expression of the Legislative will, would constitute an implied repeal of previous laws which were inconsistent with it.