

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1971

Honorable Bevington Reed
Commissioner
Coordinating Board
Texas College and University
  System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. M-1024

Re: Tuition fees for students
who are citizens of any
country other than the
United States.

Dear Dr. Reed:

Your request for an opinion asks the following question:

"The Coordinating Board requests your opinion
as to whether a student who is a citizen of any
country other than the United States of America
as identified in Item (7) of Section 1.(a) is a
'nonresident student' for purposes of Item (1) of
Section 1.(b) of Article 2654c."

Subdivision (1) of Subsection (b) of Section 1 of
Article 2654c, Vernon's Civil Statutes, as amended by House Bill
43, Acts 62nd Legislature, R.S. 1971, Ch. 511, p. 1745, provides:

"(b) *Notwithstanding the provisions of sub-*
section (a) of this section:

"(1) Any nonresident student who is enrolled
for the spring semester of 1971 in an institution
covered by subsection (a) of this section may con-
tinue to enroll at the same institution at the same
tuition rate that was effective at the time of his
original enrollment until one of the following con-
ditions first occurs:

"(i) he receives the degree at the degree
level (i.e., the baccalaureate, master's, or
doctoral degree) toward which he is working during
the spring semester of 1971; or

-4995-

"(ii) he voluntarily withdraws from the institution or the institution involuntarily withdraws the student for disciplinary reasons or for failing to meet the academic standards of the institution; or

"(iii) the termination of the spring semester of 1975."

Subdivision (7) of Subsection (a) of Section 1 of Article 2654c, Vernon's Civil Statutes, as amended by Senate Bill 1036, Acts 62nd Legislature, R.S. 1971, Ch. 958, p. 2898, provides:

"(7) Tuition for students who are citizens of any country other than the United States of America is Fourteen Dollars ($14) per semester credit hour, but the total of such charge shall be not less than Two Hundred Dollars ($200) per semester or twelve (12) week summer session, and not less than One Hundred Dollars ($100) per six (6) week summer term."

The provisions of Senate Bill 1036 above quoted apply to the tuition fees payable by students who are citizens of any country other than the United States for two reasons: (1) the provisions of Senate Bill 1036 are a _later expression of the Legislature_ than the provisions of House Bill 43 above quoted; and (2) the provisions of Senate Bill 1036 above quoted apply to a _particular class_ of nonresident students, that is, those who do not reside in the United States.

In _Wright v. Broeter_, 196 S.W.2d 82 (Tex.Sup. 1946), it is stated:

". . . In order to uphold both acts the first act may be regarded as an exception to the second. Cain v. State, supra. Under the rule requiring that the two acts be construed together as one, we are not concerned with the question of whether or not any provisions in one may be found to be repugnant to corresponding provisions in the other. Our concern in this case is limited to a consideration of whether or not there is repugnancy between the particular provisions of the acts with reference to service of process. If it should be granted, as

contended, that certain provisions of the second
act are repugnant to corresponding provisions of
the first, it would not follow that the whole of
the first be stricken down, for the second act would
repeal the first act only to the extent of the re-
pugnancy.  Any provisions in the first act not repug-
nant to provisions of the second act would remain
as valid portions of the two acts considered as one.
As stated in Garrison v. Richards, supra (107 S.W.
865):  'Where two acts are passed at the same
session of the Legislature they should be con-
strued together as one act, and, if possible, so
that both may stand.  McGrady v. Terrell, 98 Tex.
427, 84 S.W. 641; Lewis' Suth. on Stat. Const.,
§ 268.  But where the two are repugnant and ir-
reconcilable, the one approved last repeals the
other to the extent of the repugnancy.'"

See also Allied Finance v. Falkner, 397 S.W.2d 846 (Tex.Sup. 1966).

The rule applicable to the two acts in question is
distinctly stated in 53 Tex.Jur.2d 160, Statutes, Sec. 110, as
follows:

"The enactment of a general law does not
ordinarily operate as a repeal of a particular
or special law, by implication, though both re-
late to the same subject matter.  On the contrary,
both statutes are permitted to stand, and the general
law is applicable to all cases not embraced by the
specific act.  In other words, the particular act
is construed as constituting an exception to the
general law.  This is a settled rule of construction,
based on the presumption that a specific statute
evidences the intention of the legislature more
clearly than a general one, and therefore should
control."

In our opinion, the two acts being construed are not
repugnant and may be harmonized, as above shown.  In view of the
foregoing you are advised that in our opinion the provisions of
Subdivision (1) of Subsection (b) of Section 1 of Article 2654c,
Vernon's Civil Statutes, as amended by House Bill 43, supra, are
not applicable to students who are citizens of any country other
than the United States for the reason that tuition of these

particular students is governed by the provisions of Subdivision (7) of Subsection (a) of Section 1 of Article 2654c, Vernon's Civil Statutes, as amended by Senate Bill 1036, supra.

<u>S U M M A R Y</u>

The tuition applicable for students who are citizens of any country other than the United States is governed by the provisions of Sub-division (7) of Subsection (a) of Section 1 of Article 2654c, Vernon's Civil Statutes, as amended by Senate Bill 1036, Acts 62nd Legislature, R.S. 1971, Ch. 958, page 2898.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
W. O. Shultz
Houghton Brownlee
Jack Goodman
V. F. Taylor

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant