

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 1, 1973

Overruled by ORD-387 ~~~~~~~

Overruled by ORD-339

PQ 2584

The Honorable Martin D. Eichelberger
District Attorney
McLennan County
3rd Floor Courthouse Annex
Waco, Texas

Opinion No. H-115

Re: Applicability of House
Bill 6 (Acts 1973, 63rd
Leg., ch. 424, p. 1112,
Article 6252-17a, V.T.C.S.)
to public records in custody
of the county clerk.

Dear Mr. Eichelberger:

Your letter requesting our opinion concerning Article 6252-17a,
V. T. C. S., poses two questions having to do with records in the custody
of the county clerk.

We have recently issued Attorney General Opinion H-90 (1973) in
which we generally outlined the purposes and provisions of the Act and its
applicability to certain specific types of information.

Your first question quotes § 3(a)(15) of the Act and states that "This
apparently does not include the birth and death records of County Clerks
and those of local registrars." You ask:

> "We need to know exactly what the County Clerk
> should not do since the quoted exception does not men-
> tion other governmental agencies nor local registrars."

Section 3(a), after providing in general terms, that most governmental
records are public information available to the public, lists a number of
exceptions one of which is found as subsection (15): "birth and death records
maintained by the Bureau of Vital Statistics in the State of Texas."

As we construe this exception, the language "maintained by the Bureau
of Vital Statistics in the State of Texas" is descriptive of the records and not
a limitation of the exception. That is to say, the birth and death records which

p. 551

are excepted from disclosure under the Act are birth and death records of the type maintained by the Bureau of Vital Statistics.

To hold otherwise would present the anomalous situation that the State Registrar of Vital Statistics could not produce a record but that a local registrar or a county clerk could. We cannot attribute to the Legislature an intention to achieve such an improbable result.

We therefore answer your first question that, to the extent that he maintains records of birth and death of the type maintained by the State Bureau of Vital Statistics, the county clerk is directed by law not to disclose them to unauthorized persons on penalty of the sanctions of House Bill 6.

We call to your attention other provisions of subsection 3(a)(1) excepting from disclosure "information deemed confidential by law, either Constitutional, statutory, or by judicial decision." A record, not excepted by § 3(a)(15) may fall within this category. See Attorney General Opinion H-90 (1973).

Your second question is based upon language contained in § 5 of House Bill 6 which provides that: "The chief administrative officer of the governmental body shall be the custodian of public records. . . ." You state that, in the instance of a county, this would be the county judge and the provision would be in direct conflict with Articles 1941 et seq. and 6591 et seq. , V. T. C. S, which place direct responsibility for the care, custody and control of the records in his office upon the County Clerk. You ask our construction of the quoted phrase with reference to the duties of the County Clerk.

Section 18 of Article 5 of the Constitution, after providing for the election of county commissioners, states:

> " . . . The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed. " (emphasis added)

Article 5, § 20, calls for a county clerk "whose duties, perquisites and fees of office shall be prescribed by the Legislature. . . ."

The statutes governing the powers of the commissioners courts are found in Title 44, Vernon's Texas Civil Statutes, commencing with Article 2351. They are plenary. A county clerk also has broad powers found in Chapter 2 of Title 41 of Vernon's Texas Civil Statutes. They are to be the recorders of their respective counties to record all instruments required or permitted by law to be recorded. Article 1941, V. T. C. S., and Article 6591, et seq., V. T. C. S. They are to keep certain records of their courts. Articles 1942 and 1943, V. T. C. S.

By Constitution and statute the government of the county is confided to the commissioners court of which the county judge is the presiding officer. Section 2(1) of House Bill 6 defines the "governmental body" of a county as being its commissioners court. The county clerk serves the commissioners court. It has been said that his duties are ministerial. Attorney General Opinion M-615 (1970).

We would add that, while we see no conflict with other laws, should there be one, the provisions of House Bill 6, as the latest expression of the Legislature, would have to control. Allied Finance Company of Bay City v. Falkner, 397 S. W. 2d 846 (Tex. 1965); State v. Easley, 404 S. W. 2d 296 (Tex. 1966).

Other county officers and departments besides the County Clerk have records which are as much subject to disclosure under House Bill 6 as would be those within the office of the county clerk.

It is apparent that § 5 of House Bill 6, in making the chief administrative officer of the governmental body the custodian of public records, intended by that provision to focus the responsibility for the success of the Act upon those who have it within their power to make the Act viable. It is obvious that it was not the intent that the chief administrative officer, in this case, the county judge, actually, physically have custody as would the county clerk. Thus, for example, in Subsection 5(b) the statute refers to the custodian's "agent who controls the use of public records."

As we interpret the Act, the county clerk retains physical care, custody and control of the records which, by statute, he is required to maintain. The responsibility for seeing that county records, including those maintained by the county clerk as well as those maintained by other county officers, are disclosed when required by House Bill 6, is placed on the county judge - the chief administrative officer of the governmental body. We see no conflict between these provisions.

### SUMMARY

Birth and death records required by Article 4477 of the Revised Civil Statutes, whether physically in the State Bureau of Vital Statistics, in a local registrar's office, or in the office of a county clerk, are not subject to production or disclosure under the provisions of House Bill 6, 63rd Legislature (Article 6252-17a, V. T. C. S.)

The provisions of the Act, imposing upon the county judge, as the chief administrative officer of the county as a governmental body, the responsibility for enforcement of House Bill 6 do not conflict with the statutory duties of the county clerk as the custodian of the records of his office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee