

# The Attorney General of Texas

December 31, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
4/742-8944

724 Alberta Ave., Suite 160
Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
6/747-5238

4309 N. Tenth. Suite B
Allen, TX. 78501-1685
2/682-4547

0 Main Plaza, Suite 400
In Antonio, TX. 78205-2797
512/225-4191

Equal Opportunity/
Affirmative Action Employer

Ms. Rita Horwitz
Executive Director
State Pension Review Board
P. O. Box 13498
Austin, Texas    78711

Opinion No. JM-291

Re:  Whether a member of the
board of trustees of a local
pension plan violates article
988b, V.T.C.S., in certain
circumstances

Dear Ms. Horwitz:

You seek an interpretation of article 988b, V.T.C.S., informally known as the local officials conflict of interest act. You ask two questions with regard to the effect of the act upon the board of trustees of the Dallas Police and Fire Pension Fund:

> 1.  Does a board member's $2500 investment in the stock of a business entity constitute a 'substantial interest' under section 2(a) of article 988b?

> 2.  Does a board member's $2500 participation in a deferred compensation program constitute a 'substantial interest' under section 2(a) of article 988b?

Article 988b is a comprehensive local conflict of interest statute which applies to a broad range of local public officials. Before the enactment of article 988b, no single conflict of interest statute applied generally to all local public officials. See, e.g., Woolridge v. Folsom, 564 S.W.2d 471 (Tex. Civ. App. - Dallas 1978, no writ). Article 988b replaced article 988, V.T.C.S., repealed in 1983. Acts 1983, 68th Leg., ch. 640, §7, at 4082. Article 988 was also a conflict of interest statute, but it applied only to general law cities. Id. Article 988b is not limited to general law cities.

Article 988b applies a fairly narrow conflict of interest prohibition to a broad group of local public officials. Section 1(1) of article 988b defines "local public official" to include the following:

a member of the governing body or another officer, whether elected or appointed, paid or unpaid, of any district (including a school district), county, city, precinct, central appraisal district, transit authority or district, <u>or other local governmental entity who exercises responsibilities beyond those that are advisory in nature</u>. (Emphasis added).

A preliminary question must be resolved of whether article 988b applies at all to the Dallas Police and Fire Pension Fund Board of Trustees. No reported cases deal directly with the applicability of article 988b to a similar board of trustees. Nevertheless, several courts have dealt with similar boards in other contexts; these cases must be addressed in an analysis of article 988b.

The court in <u>Bolen v. Board of Firemen, Policemen and Fire Alarm Operators' Trustees of San Antonio, Texas</u>, 308 S.W.2d 904-06 (Tex. Civ. App. - San Antonio 1957, writ ref'd), held that a similarly constituted board with powers parallel to those of the board in issue was simply not a political corporation or a political subdivision of the state. The court dealt with the pension board in the context of article III, section 52 of the Texas Constitution, a provision which is not in issue here. On the other hand, prior to the <u>Bolen</u> case, the Commission of Appeals held that, although contributions made by a municipality to a pension fund pursuant to article 6243a, the statute authorizing the fund in question here, do not violate article III, section 52, such funds are nevertheless part of a "<u>public</u> fund subject to the control of the legislature." (Emphasis added). <u>McGuire v. City of Dallas</u>, 170 S.W.2d 722, 727-28 (Tex. 1943).

The court in <u>Creps v. Board of Firemen's Relief & Retirement Fund Trustees of Amarillo</u>, 456 S.W.2d 434, 439 (Tex. Civ. App. - Amarillo 1970, writ ref'd n.r.e.), held that a statutory trust is not governed by the Texas Trust Act, the laws governing the administration of <u>private</u> trusts. The court in <u>Creps</u> dealt with a fund created pursuant to article 6243e.

Similarly, this office decided that the board of trustees of a Firemens' Pension and Retirement Fund formed pursuant to article 6243e, V.T.C.S., is a "governmental body" for purposes of the Open Meetings Act, article 6252-17, V.T.C.S. Attorney General Opinion MW-506 (1982). The relationship between municipalities and their various pension fund boards of trustees as set forth in article 6243e and the article which authorized the creation of the Dallas Police and Fire Pension Fund are analogous. <u>See</u> V.T.C.S. art.6243a.

Consequently, the pension fund board of trustees about which you inquire may be a local governmental entity for some purposes and not

for others. See also Muzqui: v. City of San Antonio, 586 F.2d 529 (5th Cir. 1978) (a similar fund may be "like a municipality" for purposes of Civil Rights Act. 42 U.S.C. §1983 (1982)). Moreover, unlike the phrase "or other political corporation or subdivision," which was construed in the Bolen case not to include a particular pension fund board of trustees, the test in article 988b was intended to address a different problem and is phrased broadly to include any entity that "exercises responsibilities beyond those that are advisory in nature." V.T.C.S. art. 988b, §1(1).

The board of trustees in the instant case is composed of city officials serving ex officio and of members of the fire and police departments elected by the contributors to the fund. V.T.C.S. art. 6243a, §1. The city treasurer serves as ex officio treasurer for the fund. Id. §5. Article 6243a grants the board broad authority to administer the fund. Id. §§1, 1C, 15. Moreover, the board holds the power to reduce the percentages (stipulated in article 6243a) which deal with disabilities or with awards granted to beneficiaries. Id. §1. Thus, the board clearly "exercises responsibilities beyond those that are advisory in nature." Accordingly, article 988b applies to the Dallas Police and Fire Pension Fund Board of Trustees.

A local public official commits a Class A misdemeanor under section 3(a)(1) of article 988b, except in those instances provided in section 5, if he "knowingly"

> participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved. . . . (Emphasis added).

The elements of the offense involve several factual determinations. See Attorney General Opinion JM-178 (1984). Your question, however, pertains only to section 2 of the act, which indicates what constitutes a "substantial interest." In particular, you inquire about the meaning of section 2(a)(1); this subsection indicates that a person has a substantial interest in a business if

> the interest is ownership of 10 percent or more of the voting stock or shares of the business entity or ownership of $2,500 or more of the fair market value of the business entity. . . .

Two different interpretations of this language have been suggested.

It has been suggested that the legislature meant to draw a distinction in section 2(a)(1) between stock-issuing corporations and

business entities which do not issue stock, and to apply the $2500 limitation only to the latter. In our opinion, however, the language of the statute cannot be so construed. It is applicable to the "ownership of $2500 or more of the fair market value" of a "business entity."

You express concern that, if the legislature did intend a $2500 investment in stock to be a substantial interest under the statute, the board would be paralyzed; it is quite likely that individual board members might own at least $2500 worth of stock in a large corporation in which the board might want to invest pension funds. Section 3(a)(1), article 988b, requires officials to abstain from voting on investment decisions involving corporations in which they own a substantial interest. If a $2500 stock investment were interpreted to be a substantial interest, abstentions could be frequent. Contrast art. 988b, §2(a)(1) with art. 6252-9b, §2(12)(B).

Nevertheless, the language enacted by the legislature applies both the 10 percent limit and the $2500 limit to "the business entity." "Business entity" is defined by the statute to include

> a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized in law.

Art. 988b, §1(2). In construing a statute, it is not ordinarily permissible to imply an exception where none may be found in the statute's literal language. Heard v. Heard, 305 S.W.2d 231 (Tex. Civ. App. - Galveston 1957, writ ref'd). We conclude therefore that a board member's ownership of $2500 of the stock of any business entity, including one that issues stock, constitutes a "substantial interest" under section 2(a)(1).

You also ask whether funds invested by the board in a deferred compensation program are subject to article 988b. The potential problem is that a city official who serves as a pension fund trustee may have an interest in a deferred compensation system in which the pension fund might wish to invest. We must first determine whether the board of trustees may invest pension funds in a government employees' deferred compensation program at all. The trustees of a statutory trust have only those powers and duties set forth in the statute which authorized the creation of the particular pension fund. Creps v. Board of Firemen's Relief & Retirement Fund Trustees of Amarillo, supra at 439.

Section 15(b) of article 6243a is a guide for those investments the board is authorized to make:

> In making investments and supervising investments, members of the Board of Trustees shall exercise the judgment and care under the circumstances then prevailing, which men of ordinary prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to probable income therefrom as well as the probable safety of their capital.

Thus, unlike provisions which govern other, similar types of pension fund trustees, the board is not expressly limited to specific types of investments. Compare art. 6243a, §15(b) with art. 6243e, §23; see Attorney General Opinions MW-506 (1982); M-607 (1970). Thus, the board could conceivably consider investing in some type of "deferred compensation" program if the investment met the test of article 6243a, section 15(b).

You do not, however, indicate just what sort of deferred compensation program is in issue. As used by the legislature, the term "deferred compensation" refers to deferred compensation plans for public employees as authorized by article 6252-3b, V.T.C.S. Article 6252-3b does not create a program involving the sale of bonds or other investments; thus it is not a program in which the board could invest pension funds. Compare V.T.C.S. Title 110B, Public Retirement Systems, §65.105 (1983 pamphlet) (authorizes the Municipal Retirement System to issue bonds). Consequently, if the board cannot invest funds in this program, no board member could have a conflict of interest by participating in a board vote or decision on a matter involving investment in this deferred compensation program.

If, on the other hand, you refer to "deferred compensation" in a generic sense, i.e. with regard to retirement plans generally, and in a context other than article 6252-3b, a conflict of interest under article 988b depends upon the nature of the interest held by the board member. See, e.g., Creps v. Board of Firemen's Relief & Retirement Fund Trustees of Amarillo, supra at 437; cf. art. 6252-3b (contractual deferred compensation program may differ from retirement program). Accordingly, this office cannot answer, in the abstract, whether all or any employees' "deferred compensation" programs could cause a conflict of interest under article 988b without examining the particular program. Board members will have to acquaint themselves with the portfolio of any such program in which they have an interest and refrain from participating in a board decision when any security that is a part of that portfolio is the subject of a decision, if the trustee's pro rata holding of that security through the program is a substantial interest as defined by article 988b.

## S U M M A R Y

Section 2(a)(1) of article 988b, V.T.C.S., prohibits a board member of the Dallas Police and Fire Pension Fund from voting to invest pension funds in any business entity in which he holds a $2500 ownership interest, whether or not that interest is in a business entity which issues stock.

Because a deferred compensation program under article 6252-3b is not the sort of program in which a pension fund board of trustees could vote to invest, article 988b is inapplicable.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs