

# The Attorney General of Texas

December 28, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. A. Ewert, Jr.
Kleberg County Attorney
P. O. Box 1411
Kingsville, Texas    78363

Opinion No. JM-279

Re: Whether the city of Kings-
ville may designate two indi-
viduals to perform the duties
of city secretary

Dear Mr. Ewert:

Article 1000, V.T.C.S., imposes certain specified duties on the city secretary of a general law city. You inform us that Kingsville, a home-rule city, has conferred by ordinance adopted pursuant to its city charter many of the duties set forth in article 1000 on a position entitled Assistant City Manager for Management Services and conferred other specified duties, in addition to the remaining duties set forth in the statute, on a position entitled City Secretary. You ask whether Kingsville may so designate two employees to perform those tasks which article 1000 imposes on one city secretary. We conclude that it can.

In Texas, provision is made for the governance of two types of municipalities, general law cities and home rule cities. See generally, Commentary on the History, Status and Function of Title 28, Cities, Towns and Villages, pages XIII to XXXVIII of Volume 2A, V.T.C.S. General law cities are governed by articles 961 et seq. See Woolridge v. Folson, 564 S.W.2d 471 (Tex. Civ. App. - Dallas 1978, no writ). They are creatures of statute and have no powers except those expressly or impliedly granted by the statute creating them. City of Uvalde v. Uvalde Electric & Ice Co., 250 S.W. 140 (Tex. 1923); Dibrell v. City of Coleman, 172 S.W. 550 (Tex. Civ. App. - Austin 1915, writ ref'd). Article 977, V.T.C.S., creates the offices for general law cities and includes that of city secretary. Article 1000, V.T.C.S., sets forth the duties of the city secretary of a general law city.

Home rule cities are governed by articles 1175 et seq. and have the full power of self-government. In other words, they have full authority to do anything the legislature could theretofore have authorized them to do; accordingly, home rule cities look to the acts of the legislature not for grants of power to such cities but only for limitations on their powers. City of Corpus Christi v. Continental

Bus Systems, Inc., 445 S.W.2d 12 (Tex. Civ. App. - Austin 1969), writ ref'd n.r.e. 453 S.W.2d 470 (Tex. 1970).

Article 1175, V.T.C.S., provides in pertinent part:

> Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:
>
> 1. The creation of a commission, aldermanic or other form of government; the creation of offices, the manner and mode of selecting officers and prescribing their qualifications, duties, compensation and tenure of office.

No home rule charter or ordinance passed under the home rule statutes may contain any provision inconsistent with the general laws of the state. City of Corpus Christi v. Unitarian Church of Corpus Christi, 436 S.W.2d 923 (Tex. Civ. App. - Corpus Christi 1968, writ ref'd n.r.e.). In this instance, the Kingsville ordinance is not inconsistent with the laws of the state. Article 1000 does not apply to a home rule city. Moreover, the ordinance is expressly authorized by article 1175. Accordingly, we conclude that the city may designate by ordinance adopted pursuant to its city charter that two individuals may perform the duties of the city secretary.

## S U M M A R Y

Kingsville, a home rule city, may confer by ordinance adopted pursuant to its city charter the duties of city secretary on two individuals.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs