

# The Attorney General of Texas

June 18, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Michael J. Simmang
Lee County Attorney
P. O. Box 236
Giddings, Texas    78942

Opinion No. JM-171

Re:  Whether a member of a city council may be employed by a corporation doing business with the city

Dear Mr. Simmang:

You ask whether a member of the Giddings city council may continue to serve on the council while he is employed by a corporation that does business with the city. We conclude that there is no legal impediment to his serving, but that the contract entered into between the city and the general contractor would be void as contravening public policy.

You inform us that a member of the Giddings city council is also the vice-president of a local corporation which sells, repairs, and maintains air conditioning units. He receives a salary from the corporation and participates in its profit sharing program, but he owns no stock in the corporation. The corporation was employed as a subcontractor by a corporation which was itself employed by the city as the general contractor in the construction of the new Giddings city jail. The corporation's employment and the awarding of the general contract to the general contractor were based upon competitive bids. You state that the council member has received no direct financial benefit from this contract, although the corporation does perform maintenance work on the units installed in accordance with warranties given with the units. The council member himself has performed no work on any of the units involved, and there is no maintenance contract for the units between the city and the corporation. Giddings became a home-rule city effective January 1, 1982. The council member who is the subject of this request assumed office in April, 1982. The city council awarded the contract in July, 1982.

Article 988, V.T.C.S., which prohibited, _inter alia_, a member of a city council from being "directly or indirectly interested in any work, business or contract . . ." the consideration for which is paid by city funds, was repealed and replaced by a new article 988b, V.T.C.S., effective January 1, 1984. The now-repealed article 988 reached only general law cities. Woolridge v. Folsom, 564 S.W.2d 471 (Tex. Civ. App. - Dallas 1978, no writ). The new statute reaches other political subdivisions including home rule cities, in addition

to general law cities. Because the contract at issue was entered into prior to the effective date of the new statute, we need not address whether, under the new statute, the contract would involve the council member in a conflict of interest. Rather, we must determine whether the contract violates public policy. We conclude that it does.

We must first determine whether the council member would benefit if the city were to contract directly with the firm of which the council member is vice-president. If he would so benefit, we must then determine whether the fact that the firm was a sub-contractor rather than a general contractor, would effectively remove the council member from the reach of the conflict-of-interest prohibition. We first conclude that, in this instance, the council member would benefit sufficiently were the city to contract directly with the firm of which he is vice-president so as to bring him within the ambit of the conflict-of-interest prohibition.

The factual situation in the instant request is very much analogous to the one presented in Attorney General Opinion H-916 (1976). That opinion addressed whether a school district may contract with a paper company which employed a member of the district's board of trustees. The trustee worked for the company in a managerial capacity but owned no stock. He entered into an agreement with his employer which provided that he would not receive any commission, bonus, or other remuneration based upon sales made by the company to the district, although he was paid a year-end bonus on the basis of other company sales. In concluding that entering into such a contract was impermissible, this office declared:

> It is well established that, even in the absence of a statute, the public policy of the state prohibits transactions which involve a conflict of interest on the part of public officials . . . .

Attorney General Opinion H-916 (1976).

Attorney General Opinion H-916 then quotes language from a relevant Texas court opinion:

> If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy. Meyers v. Walker, 276 S.W. 305, 307 (Tex. Civ. App. - Eastland 1925, no writ).

If an employee of a corporation can be held to benefit when the company for which he is employed contracts with a political

subdivision, the governing body of which he is a member, then a fortiori an officer of such a corporation may be said to benefit. It cannot be disputed that, even if the council member received no direct compensation from the city's contract with the general contractor, he would certainly benefit at least indirectly when the firm of which he is vice-president prospers. As the court declared in Delta Electric Construction Co. v. City of San Antonio, 437 S.W.2d 602, 609 (Tex. Civ. App. - San Antonio 1969, writ ref'd n.r.e.),

> [i]t is the existence of such interest which is decisive and not the actual effect or influence, if any[,] of the interest . . . .

See Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. - San Antonio 1964, writ ref'd n.r.e.); Knippa v. Stewart Iron Works, 66 S.W. 322 (Tex. Civ. App. 1902, no writ); Attorney General Opinions MW-155, MW-124 (1980); MW-34 (1979); H-734, H-649, H-638 (1975). Relying on Attorney General Opinion H-916 and the authorities cited above, we conclude that the conflict of interest prohibition is triggered when a member of the governing body of a political subdivision, in this instance a member of a city council, is an officer or employee of a firm seeking to do business with that political subdivision.

It has been suggested that, since the council member is an officer of a sub-contractor, as opposed to the general contractor, his vote on such a contract affects only the general contractor and not the sub-contractor and that this effectively removes him from any conflict-of-interest prohibition. In Attorney General Opinion O-2306 (1940), this office concluded that a trustee of a school district could receive compensation from a contractor performing a construction contract for the district if there was no agreement between the contractor and the trustee at the time when the district entered into the contract with the contractor. This office therein declared:

> Under the facts set out in your letter, we assume that the contractor is an independent contractor. This being true, the will of the school board is represented only as to the result of the work and the contractor is left to determine the manner and means involved in the performance of said contract.
>
> If, at the time the contract in question was let, there was no agreement, express or implied, between the contractor and the school trustee with reference to the employment in question, it would appear that the trustee in question has no such pecuniary interest in the contract as to make it void under the public policy doctrine. (Emphasis added).

Conversely, we conclude that if there were an agreement at the time the contract between the general contractor and the city was let, whether express or implied, between the general contractor and the firm for which the council member served as vice-president, as to the sale, repair, or maintenance of air conditioning units, the council member would have a pecuniary interest in the contract so as to make it void under the rule set out in City of Edinburg v. Ellis, 59 S.W.2d 99 (Tex. Comm'n App. 1933, holding approved). See Attorney General Opinions MW-155 (1980); MW-34 (1979). If, on the other hand, there were no agreement between the general contractor and the firm for which the council member served as vice-president at the time the contract between the general contractor and the city was let, the council member would not have a pecuniary interest in the contract. This is a factual determination which we are not empowered to make.

You also ask whether the member of the council may continue to serve if there is such a conflict. There is no provision in either constitutional, statutory, or case law which would provide for an automatic vacancy in the council position in the situation which you describe. If a vacancy is to be created, it can only occur through resignation or removal from office as provided by law.

S U M M A R Y

A city council may not contract with a general contractor which has previously contracted with a sub-contractor employing a member of the city council as an officer, if the firm employing the member acts as a subcontractor on the city job. The affected member of the city council does not automatically vacate his office in the event that the city council so contracts.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton