

# The Attorney General of Texas

April 15, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dan B. Grissom
District Attorney
Erath and Hood Counties
P. O. Box 729
Granbury, Texas    76048

Opinion No.   JM-310

Re: Whether a county clerk may purchase an interest in a title company and serve as its part-time manager

Dear Mr. Grissom:

You ask whether a county clerk may, without conflict of interest, purchase an interest in a title company and manage it part-time, so long as he transacts no business with the county on behalf of the title company and diligently performs his duties as county clerk. We conclude that he may.

Before the enactment of article 988b, V.T.C.S., in 1983, no conflict of interest statute applied generally to local public officials. Under article 988, V.T.C.S., now repealed, Acts 1983, 68th Leg., ch. 640, §7, at 4082, eff. Jan. 1, 1984, city councilmen and other city officers could have no personal or pecuniary interest in, or stand as surety on, any city contract. See Meyers v. Walker, 276 S.W. 305, 307 (Tex. Civ. App. - Eastland 1925, no writ). Article 988 applied only to general law cities. Woolridge v. Folsom, 564 S.W.2d 471 (Tex. Civ. App. - Dallas 1978, no writ). County judges and commissioners, who constitute the county's governing body (Tex. Const. art. V, §18), are bound by their oath of office to hold no interest in county contracts. V.T.C.S. art. 2340. No other county officers were similarly constrained after the repeal in 1973 of article 373 of the Penal Code, which imposed a fine on county officers who became pecuniarily interested in bids, proposals, and contracts for construction work undertaken by the county or in sales transactions with the county. Acts 1973, 63rd Leg., ch. 399, §3, at 991.

Under common law conflict of interest rules, a local government contract in which such an official has a direct or indirect pecuniary interest is void as against public policy, even if that interest does not influence the official. Meyers v. Walker, supra at 307; Attorney General Opinion MW-477 (1982). It is the existence of the interest, not its actual effect or influence, if any, that is decisive. Delta Electric Construction Company v. City of San Antonio, 437 S.W.2d 602, 609 (Tex. Civ. App. - San Antonio 1969, writ ref'd n.r.e.). This office has stated that a governmental body may not contract with an

entity in which one of its officers holds an ownership interest, Attorney General Opinions MW-179 (1980); H-624 (1975); M-340 (1969), or serves in a decision-making or managerial capacity, Attorney General Opinions H-916 (1976); H-649 (1975), even if the service provided is otherwise unavailable, Attorney General Opinions H-734, H-695 (1975). Neither the contract nor the benefit derived therefrom need be direct. Attorney General Opinions JM-171 (1984); MW-477 (1982); MW-124 (1980); H-916 (1976).

We have also noted, however, that the rule voiding a contract in which an officer or employee of the governmental body has a pecuniary interest is

> intended to apply where the public official or employee making the contract on behalf of the governmental body is himself a beneficiary of the contract.

Attorney General Opinion MW-236 (1980). It does not apply where the officer has no power to make or influence the making of the contract. Most recently, this office has stated that

> the [common law] conflict of interest prohibition is triggered when a member of the governing body of a political subdivision . . . is an officer or employee of a firm seeking to do business with that political subdivision.

Attorney General Opinion JM-171 (1984).

Article 988b, the current local conflict of interest statute, which became effective January 1, 1984, applies a narrower conflict of interest prohibition to a broader group of public officials and, despite the existence of a conflict, does not void governmental action unless influence is actually exerted.

Under article 988b, section 1(1),

> '[l]ocal public official' means a member of the governing body or another officer, whether elected or appointed, paid or unpaid, of any dis- trict . . . county . . . or other local govern- mental entity who exercises responsibilities beyond those that are advisory in nature.

Article 988b does not bar such an official's interest in a local government contract, however, but instead penalizes the official if he knowingly

> participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved. . . .

V.T.C.S. art. 988b, §3(a)(1). See Attorney General Opinion JM-178 (1984). An official who violates this provision commits a class A misdemeanor, V.T.C.S. art. 988b, §3(b), but an action by the governing body on a matter involving the prohibited conflict is not voidable unless the interested official, as a member of the governing body, casts the deciding vote. V.T.C.S. art. 988b, §6. See Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. - San Antonio 1964, writ ref'd n.r.e.); cf. Delta Electric Construction Company v. City of San Antonio, supra.

The county clerk is a "local public official" within the terms of article 988b. As clerk of the commissioners court and county recorder (see Tex. Const. art. V, §20), he is a county officer whose duties, though primarily ministerial and clerical, are not simply advisory. See V.T.C.S. art. 2345 (keeping court records, issuing notices, writs, and process); arts. 1941 et seq., 6591 et seq. (recording duties); art. 1935 (marriage licenses, oaths, affidavits, and depositions); arts. 3930 et seq.; Code Crim. Proc. arts. 1001 et seq. (collection of fees). He is not, however, a member of the county's governing body (see Tex. Const. art. V, §18) and cannot contract for the county or vote on a matter pertaining to county business.

A violation of the "knowing participation" provision of section 3(a)(1) of article 988b consists of three parts. First, the official's interest in the business entity involved must be "substantial," as defined by section 2. We will assume it is substantial. Second, action on the matter must confer a reasonably foreseeable economic benefit on that business entity. Third, the official must knowingly participate in a vote or decision on the matter that would confer the benefit. Since he is not a member of the county's governing body, the clerk will not, in his official capacity, vote or decide on any such matter. See Attorney General Opinion JM-270 (1984) (prohibition applies only to officers with authority to participate in votes or decisions for governmental entity).

You indicate that the clerk will not act for the title company in any business transacted with the county. We thus do not address whether article 988b applies to an official's activities in his private capacity. We conclude that, under the conditions you describe, the clerk's interest in and employment by the title company would result in no violation of article 988b.

Since the clerk cannot contract for the county and will not be contracting for the title company, no conflict arises under the doctrine of dual agency. See Attorney General Opinions MW-477 (1982); H-1309 (1978).

Although we think article 988b does not prohibit a county clerk's holding an interest in a title company, other law clearly requires the clerk to deal with the title company at complete arm's length. Where the clerk records and preserves the records used in the business of the title company in which he owns an interest, the potential for actual misconduct may be greater than where the two employments are completely unrelated. See Attorney General Opinion JM-99 (1983).

Article 1945, V.T.C.S., requires the clerk to keep dockets, books, and indexes as required by law and provides further that such records

> shall at all reasonable times be open to the inspection and examination of any citizen, who shall have the right to make copies of the same.

V.T.C.S. art. 1945. Although article 3930, V.T.C.S., requires the clerk to collect fees for certain record-keeping services, that article does not "limit or deny to any person, firm, or corporation, full and free access to . . . records," or the right to examine and copy information from public records without charge,

> under reasonable rules and regulations of the county clerk at all reasonable times during the hours the county clerk's office is open to the public. . . .

V.T.C.S. art. 3930. An early opinion holding that a title company had the same right of access to such records as other citizens declared that the county clerk's office

> is a purely public office, open alike at all times, and on the same terms, to all members of the public, subject to such reasonable rules and regulations as may be imposed, in good faith, by the clerk.

Tobin v. Knaggs, 107 S.W.2d 677, 680 (Tex. Civ. App. - San Antonio 1937, writ ref'd). Although the clerk may impose reasonable rules and enforce reasonable hours to ensure the smooth and efficient operation of his office, he has no discretion to apply such rules selectively or to grant access to or allow copying of records on a selective basis.

If the clerk fails or refuses to perform his legal duties, he may be removed from office. See Tex. Const. art. V, §24; V.T.C.S. arts.

5970, 5973.  If, in order to obtain a benefit, he violates a law relating to his office or misapplies anything of value, he will be subject to criminal penalties under section 39.01 of the Penal Code. Section 39.03 imposes a penalty for the misuse of official information not yet made public.  So long as the clerk faithfully performs his official duties, however, keeping his private activities separate, these provisions will not come into play.  Misconduct, of course, is a question of fact, which this office cannot address.  We simply draw your attention to the possible application of these provisions.

### S U M M A R Y

A county clerk may, without conflict of interest, purchase an interest in a title company and manage it part-time.  He must, however, maintain a complete arm's length relationship with the title company.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton