

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 28, 1995

Honorable Fred Hill
Chair
Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-343

Re: Authority of the Texas Natural Resources Conservation Commission to require a municipality to obtain permission to regulate on-site sewage facilities (RQ-588)

Dear Representative Hill:

You ask whether chapter 366 of the Health and Safety Code pre-empts the authority of municipalities to regulate on-site sewage disposal within municipal limits pursuant to the following statutes: V.T.C.S. article 1015; Health and Safety Code section 342.002; and Local Government Code sections 51.012, 214.012(2), 214.014 and 217.002.

The statute codified as chapter 366 of the Health and Safety Code was adopted in 1987 to provide minimum state-wide standards for regulation of on-site sewage disposal systems.[1] Attorney General Opinion JM-1278 (1990); House Comm. on Natural Resources, Bill Analysis, H.B. 1875, 70th Leg. (1987); see Health & Safety Code § 366.001 (purpose clause). Prior to the adoption of this statute, the state did not "have a consistent state-wide permit system for septic tanks or for registration of septic tank installers." House Comm. on Natural Resources, *supra*. Under chapter 366, a person "may not construct, alter, repair, or extend" an on-site sewage disposal system that does not comply with chapter 366 and the applicable rules adopted by the Texas Natural Resource Conservation Commission ("commission"),[2] and a person "must hold a permit and an approved plan to construct, alter, repair, extend, or operate" the system. *Id.* §§ 366.004, .051. House Comm. on Environmental Regulation, Bill Analysis, S.B. 1042, 73d Leg. (1993).

---

[1]An "on-site sewage disposal system" produces no more that 5,000 gallons of waste each day and is used only to dispose of sewage produced on the site where it is located. Health & Safety Code § 366.002(8), *amended by* Act of May 21, 1993, 73d Leg., R.S., ch. 589, § 3, 1993 Tex. Sess. Law Serv. 2245, 2245; *see also* 30 T.A.C. § 285.11(29) (listing specific types of '[o]n-site sewerage facilities").

[2]Prior to March 1, 1992, the Department of Health administered the statute now codified as chapter 366 of the Health and Safety Code. On that date, responsibility for these provisions was transferred to the Texas Water Commission. Act of July 25, 1991, 72d Leg., 1st C.S., ch. 3, § 1.088, 1991 Tex. Sess. Law Serv. 4, 43. On September 1, 1993, the name of the Texas Water Commission was changed to the Texas Natural Resource Conservation Commission, and all powers, duties, rights, and obligations of the Water Commission were transferred to the Natural Resource Conservation Commission. *Id.* § 1.085, at 42.

Administration of chapter 366 is vested in the commission and its "authorized agents" according to the following provision:

The [commission] or authorized agents:

(1) have general authority over the location, design, construction, installation, and proper functioning of on-site sewage disposal systems; and

(2) shall administer this chapter and the rules adopted under this chapter.

Health & Safety Code § 366.011.

An "authorized agent" is a "local governmental entity," including a municipality, "authorized by the . . . [commission] to implement and enforce rules" under chapter 366. *Id.* § 366.002(1), (6). As an authorized agent, a local governmental entity may, instead of the commission, exercise the general authority provided by section 366.011. Attorney General Opinion JM-1278 (1990) at 2. The commission "shall designate a local governmental entity as an authorized agent" if the governmental entity complies with the requirements of sections 366.031 and 366.032. The local governmental entity must notify the commission that it wishes to regulate the use of on-site sewage disposal systems in its jurisdiction, hold a public hearing, and adopt an order or resolution that must:

(1) incorporate the . . . [commission's] rules on abatement or prevention of pollution and the prevention of injury to the public health;

(2) meet the . . . [commission's] minimum requirements for on-site sewage disposal systems; and

(3) include a written enforcement plan.

Health & Safety Code § 366.032(a). An order or resolution that adopts more stringent standards than chapter 366 or the commission's standards will prevail over the statute or the commission's standards. *Id.* § 366.032(b); *see also* Attorney General Opinion JM-1278 (1990) at 3 (local governmental entity that has been designated authorized agent may adopt standards more stringent than commission standards for local registration of installers). The designation of the local governmental entity as authorized agent takes effect only when the commission approves the resolution or order. Health & Safety Code § 366.031(b).

Chapter 366 provides for comprehensive state-wide regulation of on-site sewage disposal systems by the commission. Local governmental entities, including cities, may administer the state-wide regulations, or more stringent ones, if they become authorized agents pursuant to sections 366.031 and 366.032 of the Health and Safety Code. Otherwise, the commission will administer the statute and regulations within the territorial limits of local governmental entities. You suggest that these provisions conflict with other

statutes, specifically, V.T.C.S. article 1015; Health and Safety Code section 342.002; and Local Government Code sections 51.012, 214.012(2), 214.014, and 217.002, which you believe give such regulatory authority to cities.

Section 51.012 of the Local Government Code provides as follows:

> The municipality may adopt an ordinance, act, law, or regulation, *not inconsistent with state law*, that is necessary for the government, interest, welfare, or good order of the municipality as a body politic. [Emphasis added.]

An ordinance, act, law, or regulation adopted under this provision may not be inconsistent with state law. Accordingly, a city has no authority under section 51.012 of the Local Government Code to adopt legislation concerning on-site sewage disposal systems that is inconsistent with chapter 366 of the Health and Safety Code.

Article 1015, V.T.C.S., which applies only to general law cities,[3] enumerates several powers of the governing body, including the power to "establish, erect, construct, regulate and keep in repair bridges, culverts, and sewers." V.T.C.S. art. 1015(2). Nothing in this language authorizes a city to regulate on-site sewage disposal systems, since they are not connected with a sewer system. *See* Attorney General Opinion JM-961 (1988) (Upper Guadalupe River Authority cannot compel connection of septic tanks with sewage gathering system).

Chapter 342 of the Health and Safety Code, formerly codified as article 4436, V.T.C.S., deals with municipal regulation of sanitation. Section 342.002 authorizes the governing body of a municipality to regulate the construction, alteration and repair of sewers and privies, to direct the methods and materials for constructing them, and to regulate the cleaning and disinfecting of these facilities. This statute gives cities authority over the construction and regulation of a type of on-site sewage disposal system[4] and thus it appears to be in conflict with chapter 366 of the Health and Safety Code.

If statutes enacted at different sessions of the legislature are irreconcilable, the statute latest in date of enactment is held to have impliedly repealed the earlier statute. *City of Dallas v. Brown*, 475 S.W.2d 833 (Tex. Civ. App.--Dallas 1971, writ ref'd n.r.e.); *see also* Gov't Code § 311.025(a). The doctrine of implied repeal rests on the principle that the last expression of the lawmakers will be given effect. *Allied Finance Co. v. Falkner*, 397 S.W.2d 846 (Tex. 1965).

---

[3]Trueman O'Quinn, "History, Status, and Function of Cities, Towns and Villages," 2A V.T.C.S. XXIX - XXX; *see Woolridge v. Folsom*, 564 S.W.2d 471 (Tex. Civ. App.--Dallas 1978, no writ).

[4]*See* 30 T.A.C. § 285.11(29) (definition of "[o]n-site sewerage facilities").

The predecessor to chapter 342 of the Health and Safety Code was first adopted in 1875, by the same bill that adopted some of the other provisions you inquire about, section 217.002 of the Local Government Code and the original versions of sections 214.012 and 214.014 of the Local Government Code. Act approved March 15, 1875, 14th Leg., 2d C.S., ch. 100, § 124, 1875 Tex. Gen. Laws 113, 156; *see also id.* §§ 59, 64. Chapter 342 was last amended in 1965. *See* Act of May 20, 1965, 59th Leg., R.S., ch. 470, 1965 Tex. Gen. Laws 975 (amending former article 4436, V.T.C.S., now chapter 342 of the Health and Safety Code.) The 1965 amendment did not change the provision now codified as section 342.002. Chapter 366 of the Health and Safety Code, the more recently enacted statute, has impliedly repealed section 342.002 of the code, to the extent the latter provision authorized a municipality to regulate septic tanks in a manner inconsistent with chapter 366.

Section 214.012(2) of the Local Government Code states that a municipality "that has underground sewers or cesspools[5] shall regulate by ordinance . . . house draining and plumbing." Section 214.014 of the same code authorizes the "governing body of a Type A general-law municipality" to "order the owner of a private drain, sink, or privy to fill up, clean, drain, alter, relay, repair, or improve the drain, sink, or privy." The predecessors of both provisions were adopted in the nineteenth century. *See* Act of August 31, 1897, 25th Leg., R.S., ch. 163, § 1, 1897 Tex. Gen. Laws 236, 236; Act approved March 15, 1875, 14th Leg., 2d C.S., ch. 100, § 69, 1875 Tex. Gen. Laws 113, 131. To the extent that section 214.012(2) and section 214.014 of the Local Government Code are inconsistent with chapter 366 of the Health and Safety Code, they are repealed by chapter 366.

Section 217.002 of the Local Government Code authorizes the governing body of a municipality to "define and declare what constitutes a nuisance," and authorize its summary abatement, and to abate "in any manner the governing body considers expedient any nuisance that may injure or affect the public health or comfort." This chapter is not directed specifically at on-site sewage disposal systems. Municipalities may not, however, act under the authority of this statute in a manner that is inconsistent with the general laws of the state.

The predecessor of section 217.002 was also adopted in 1875. *See* Act approved March 15, 1875, 14th Leg., 2d C.S., ch. 100, §§ 59, 64, 1875 Tex. Gen. Laws 113, 130. Because section 217.002 of the Local Government Code was adopted earlier than chapter 366 of the Health and Safety Code, it is impliedly repealed by chapter 366 to the extent of conflict. A city may not exercise its power to define and abate nuisances under section 217.002 to regulate on-site sewage disposal systems in a manner that is inconsistent with the provisions of chapter 366 of the Health and Safety Code.

---

[5]Rules promulgated to implement chapter 366 of the Health and Safety Code state that a cesspool is an unsatisfactory method of sewage disposal. 30 T.A.C. § 285.102.

Municipalities that have been designated as authorized agents may adopt standards for on-site sewage disposal systems that are more stringent that the commission's standards. Chapter 366 of the Health and Safety Code impliedly repeals any other authority municipalities might have to regulate on-site sewage disposal systems within municipal limits pursuant to section 342.002 of the Health and Safety Code and sections 51.012, 214.012(2), 214.014, and 217.002 of the Local Government Code.[6] The Texas Natural Resource Conservation Commission is charged with administering chapter 366, but a municipality that wishes to regulate on-site sewage disposal systems within its boundaries may seek designation as an authorized agent of the commission.

## S U M M A R Y

Pursuant to Chapter 366 of the Health and Safety Code, municipalities designated as authorized agents may regulate on-site sewage disposal systems more stringently than the commission does. Chapter 366 impliedly repeals any other authority municipalities might have to regulate on-site sewage disposal systems within municipal limits pursuant to section 342.002 of the Health and Safety Code and sections 51.012, 214.012(2), 214.014, and 217.002 of the Local Government Code. The Texas Natural Resource Conservation Commission is charged with administering chapter 366, but a municipality that wishes to regulate on-site sewage disposal systems within its boundaries may seek designation as an authorized agent of the commission.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

---

[6]Article 1015, V.T.C.S., does not include any provision authorizing municipalities to regulate on-site sewage disposal systems.