ARTHUR A. PECOY, Plaintiff in Error, *vs.* THE CITY OF
CHICAGO *et al.* Defendants in Error.

*Opinion filed October 16, 1914.*

1. POLICE PENSIONS—*pensions are in the nature of bounties of
the government.* Pensions are in the nature of bounties of the
government, which it has the right to give, withhold, distribute or
recall at its discretion; and this is true although the party claim-
ing the right to a pension may have had a percentage of his sal-
ary applied to the pension fund.

2. SAME—*person acquires no vested right to the police pension
fund as against subsequent change in the law.* The fact that at
the time a person became a member of the police force the law
then in force entitled him to a pension after ten years' service does
not give him a vested right to a pension under such conditions, re-
gardless of a subsequent change in the law with respect to the
term of service and other conditions with which it is not claimed
he has complied.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. THOMAS G. WINDES, Judge, presiding.

A. B. CHILCOAT, for plaintiff in error.

WILLIAM H. SEXTON, Corporation Counsel, and JOHN
W. BECKWITH, (JOSEPH F. GROSSMAN, of counsel,) for
defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Arthur A. Pecoy filed a petition in the circuit court of
Cook county against Carter H. Harrison, mayor, and cer-
tain other persons constituting the board of trustees of the
police pension fund, praying for a *mandamus* command-
ing the respondents to enroll the name of the petitioner as
one of the beneficiaries of the police pension fund of Chi-
cago, and for an order requiring the payment to him, out
of the fund set apart as said pension fund, of an annual
pension of $600 per year from the date of petitioner's appli-

cation for said pension during the remainder of his life. The respondents appeared and filed a demurrer to said petition, which was sustained. The petitioner elected to abide by his petition, and the court dismissed it and rendered judgment against him for costs. On the ground that a construction of the constitution is involved the petitioner has sued out a writ of error from this court to obtain a review of the action of the circuit court in sustaining the demurrer and dismissing his petition.

The petition alleges that plaintiff in error was legally appointed a police patrolman in the police department of the city of Chicago on the third day of June, 1887, and that he took the oath of office and entered upon the duties of such police patrolman at a salary of $1000 per annum, payable in installments of $83.33 per month, and continued in the service until October 26, 1897, when, as he alleges, he was wrongfully dropped from the pay-roll. At the time the plaintiff in error was suspended he had served a few months over ten years, and his petition is based on the theory that under the law ten years' continuous service and continuous contribution to the police pension fund entitle him to be enrolled as a pensioner. Whether this contention is well founded is the controlling question presented for our consideration.

Section 7 of an act of the legislature approved May 24, 1877, and as amended in 1879, (Laws of 1879, p. 74,) reads as follows: "Any person who shall have served in either the police or fire departments of said city or village for the full term of ten (10) years, and shall have paid into the fund hereby provided for all assessments regularly made upon him by the board of trustees as required by this act and the regulations of said board of trustees passed in pursuance of this act, and shall have complied with all the rules and regulations lawfully established by the board of trustees in the same manner, as if such person was an active member in said police or fire department,

may continue his membership in this organization, and be entitled to the benefits of this fund after he shall have ceased to be a member in either said police or fire department, by complying with all the provisions of this act, relative to the payment of assessments, etc., the same as prior to his ceasing to be a member of said department, and the widow or children of such person shall be entitled to all benefits hereby secured to other members of this organization."

The above statute was in force at the time plaintiff in error was appointed a police patrolman. His contention is that his status in respect to the pension fund was established at the time he entered the service, and that if he continued in the service until he became entitled to a pension under the law as it existed at the time of his appointment, he has a right to be placed on the pension roll even though the law has been modified or repealed after his appointment. He contends that the law as it existed at the time he entered the service, in regard to a pension, entered into and formed a part of the contract of his employment, and that his rights to the benefits which would accrue under the then existing statute were vested property rights, of which he could not be deprived by any subsequent act of the legislature. This argument cannot be sustained. Pensions are in the nature of bounties of the government, which it has the right to give, withhold, distribute, or recall at its discretion. (*United States* v. *Teller,* 107 U. S. 64; *Frisbee* v. *United States,* 157 id. 160; *Eddy* v. *Morgan,* 216 Ill. 437.) This rule is not changed by the circumstance that plaintiff in error claims to have contributed one per cent of his salary to such fund. The alleged contribution was not, in fact, a payment by him. He accepted the appointment of police patrolman with the knowledge that one per cent would be deducted each month and placed in the pension fund. The money was never paid to him, and the city simply transferred one per cent of the

salary from one fund to another, and continued to hold it as a special fund to meet the disbursements under the Police Pension law. (*Pennie* v. *Reis,* 32 U. S. 465; *State* v. *Trustees,* 121 Wis. 44.) In 1887 the legislature passed an act revising the Police Pension law, section 3 of which provides that "whenever any person, at the time of the taking effect of this act, or thereafter, shall have been duly appointed and sworn, and have served for the period of twenty years or more upon the regularly constituted police force, * * * said board shall order and direct that such person shall, after becoming fifty years of age and his service upon such police force shall have ceased, be paid from such fund a yearly pension," etc. (Laws of 1887, p. 123.) This act, it will be noted, applies to persons who, like plaintiff in error, entered the service prior to the date it became effective. Section 12 of the act of 1887 provides that thereafter no payment shall be made under the prior acts, but that all persons entitled to the benefits of such prior acts shall be entitled to the benefits provided in the later act. All rights previously accrued under the earlier statute were thus saved by section 12, and it was manifestly the clear intention of the legislature that the act of 1887 should supersede the act of 1877 in all cities having a population of over fifty thousand. That the act of 1887 superseded the act of 1877 and the amendatory act of 1879 as to cities of the class of Chicago was in effect decided by this court in *Eddy* v. *People,* 218 Ill. 611. Under the later act, which was in force in 1897, when plaintiff in error claims his right to a pension accrued, the board of trustees was empowered to grant pensions in the following cases: (1) Whenever any person, at the time of taking effect of this act or thereafter, shall have been duly appointed and sworn and have served for a period of twenty years or more upon the regularly constituted police force of the city and shall have become fifty years of age; (2) whenever any person, while serving as

265 – 6

a policeman, shall become physically disabled in consequence of the performance of his duty as a policeman; (3) whenever any member of the police force shall lose his life in the performance of his duty or receive injury from which he shall thereafter die, leaving a widow, or child or children under the age of sixteen years; (4) whenever any member of the police force shall die after ten years' service and while still in the service of the city, leaving a widow, or child or children under the age of sixteen years.

There is no pretense that plaintiff in error is entitled to a pension under any of the provisions of the act of 1887. The claim made by plaintiff in error that the act of 1887 deprives him of his property without due process of law cannot be sustained. (*Eddy* v. *Morgan, supra.*) In the case last above cited this court, on page 449, said: "Appellees argue this case as though it were a matter of contract or vested right, while, in fact, it is a mere matter of largess or bounty. A pension is a bounty springing from the graciousness and appreciation of sovereignty. It may be given or withheld at the pleasure of a sovereign power. Because one is placed upon a pension roll under a valid law is no reason why that law may not be repealed and the pension cease.—*Walton* v. *Cotton,* 19 How. 355; *Frisbee* v. *United States,* 157 U. S. 160; 26 Am. & Eng. Ency. of Law, (2d ed.) 658."

The petition fails to disclose a clear legal right to the relief sought, and the court did not err in sustaining the demurrer thereto and in dismissing the same.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*