EMMA LAGE, Appellee, v. CITY OF MARSHALLTOWN, Appellant.

No. 40747.

APRIL 10, 1931.

*R. A. Rockhill*, for appellant.

*Adams & Kearney*, for appellee.

STEVENS, J.—I. Appellee is the widow of William Lage, deceased, a former member of the police force in the appellant city, and the assignee of the claims of several disabled or retired policemen for unpaid pensions. The facts are stipulated, and only questions of law are involved.

Appellee and her assignors are all entitled to receive monthly payments from the police pension fund of appellant city. Commencing with August, 1929, and continuing up to April 1, 1930, pro-rata payments only were made to appellee and her assignors. The default of appellant, it is charged, was due to its failure to levy a sufficient amount to meet the requirements of the policemen's pension fund. Prior to 1929, the levy did not, in any one year, exceed one fourth of a mill. Under Section 6310 of the Code of 1927, a maximum annual levy might have been made of one-half mill. We understand, from concessions made by counsel at the time of the oral argument of the case, that the maximum amount allowed by statute has, since above date, been duly levied and collected.

The sole question of law involved is whether appellant city is liable in an action at law, either upon contract or for damages, for the amount due because of its failure to levy a sufficient tax to pay the monthly pensions in full.

Section 6310 of the Code is mandatory, in so far as it imposes the duty upon certain cities to levy annually a tax for the purpose of creating a firemen's and policemen's pension fund. The annual tax thus to be levied shall not, however, exceed one-half mill for each of the said fire or police departments. The percentage of the levy to be made by municipalities for pension purposes is left, somewhat at least, to the discretion of the proper taxing agents of the municipality. It may be assumed that the duty resting upon the taxing officers is to make the levy upon such basis as will, within the limitations provided, produce an amount sufficient to pay all legitimate claims against the respective funds. We find nothing in the record tending to indicate that the failure on the part of appellant to provide a sufficient tax was due to bad faith or indifference on the part of the officers charged with the duty of making such levy. As to whether this is or is not material we express no opinion. It may, no doubt, be fairly assumed that the error was one of judgment only.

The contentions of appellee are based upon two propositions: (1) That the relationship between the municipality and the pensioner is contractual, and therefore damages will lie for a breach thereof; and (2), if it is not contractual, that the municipality is liable to the pensioners because of the carelessness and negligence of its officers in failing to make an appropriate levy to maintain an adequate fund on hand. So far as we are advised, statutes similar in terms and purpose to our own which have been enacted in many states have never been held to establish a contractual relationship between the municipality and members of a police or fire department, in such sense at least as that the same may not be repealed prior to the vesting in the officer of a right to demand and receive a pension. Pecoy v. City of Chicago, 265 Ill. 78 (106 N. E. 435); People ex rel. Kroner v. Abbott, 274 Ill. 380 (113 N. E. 696); State ex rel. Risch v. Board of Trustees, 121 Wis. 44 (98 N. W. 954); Commonwealth v. Walton, 182 Pa. St. 373 (38 Atl. 790); Cobbs v. Home Ins. Co., 18 Ala. App. 206 (91 So. 627); Klench v. Board of Pension Fund Comrs., 79 Cal. App. 171 (249 Pac. 46); Jackson v. Otis, 66 Cal. App. 357 (225 Pac. 890); Douglas v. Pension Board, 75 Cal. App. 335 (242 Pac. 756); State ex rel. Thompson

v. City of Memphis, 147 Tenn. 658 (251 S. W. 46); Phoenix Assur. Co. v. Fire Dept., 117 Ala. 631 (23 So. 843).

The proposition suggested has arisen most frequently in cases in which the constitutionality of statutes of the character in question was involved. The rule above stated is not obviated by the fact that a percentage of the policemen or firemen's salaries is required to be, and has been, deducted, for the purpose of maintaining the pension fund. Pecoy v. City of Chicago, supra; Pennie v. Reis, 132 U. S. 464 (33 L. Ed. 426). The holding of the Nebraska court in State ex rel. Haberlan v. Love, 89 Neb. 149 (131 N. W. 196), relied upon by appellee, is, in all respects, consistent with the cases cited. In a number of the cases referred to, as an examination thereof will show, the court held that the statutory provision for awarding pensions to police officers and firemen constitutes an inducement to enter and remain in service, and that the pension allowed is in the nature of compensation. In others of the cited cases, pensions are referred to as mere bounties or gratuities allowed by law to retired or disabled police officers and firemen. The constitutionality of statutes enacted in the various states has, however, been uniformly sustained, upon the ground that they are awarded for a public purpose, and are not, in any strict sense, gifts or bounties. Statutes providing for mere gifts to such officers would clearly transcend constitutional limitations. Gray v. City of Salem, 271 Mass. 495 (171 N. E. 432). We find a statement in Dickey v. Jackson, 181 Iowa 1155, to the effect that provisions for pensions of the character there involved "include some element of a contractual character." This language is, however, immediately followed with a statement of the purpose for which such statutes are enacted. We find nothing in Seavert v. Cooper, 187 Iowa 1109, tending in any way to support appellee's theory of a contract. It is settled in this and in all other jurisdictions, so far as we are advised, that, upon the happening of the event which entitles a police officer or fireman to a pension, his right thereto then becomes immediately vested, and may not be taken away. Gaffney v. Young, 200 Iowa 1030. The right, therefore, to the claimed pension has, of course, become vested in appellee and each of her assignors. Clearly, the duty resting upon appellant to provide a fund sufficient to make the monthly payments to its pensioners is mandatory, and the duty to provide a

fund with which to pay the pensions due is purely statutory, and not contractual. The right given to the pensioner is a purely legal one, and the remedy by which he may compel performance by the municipality is by mandamus, to compel the municipality to perform the duties enjoined by law upon them. The pension may be paid only out of the fund authorized by the statute and maintained in the manner therein directed.

II. Having failed to levy a sufficient tax to meet the requirements of its pension fund, although having power and authority to do so, is the municipality liable in damages to the extent of the unpaid portion of the pensions due?

"The chief officer of each department, with the city treasurer and the city solicitor or attorney of such cities or towns, shall be ex-officio members of and shall constitute separate boards of trustees for the management of each fund. * * *" Section 6311, Code, 1927.

The boards thus created are given authority to invest any surplus left in the respective funds, but no part thereof shall be used for any other purpose than the payment of pensions. No case is cited, and we have been able to find none, in which it has been held that an action at law against the municipality will lie, to recover a judgment against the municipality for past-due pensions. All of the cases cited in this opinion in which the right of the pensioner to receive a pension was so involved were actions in mandamus, to compel performance of the duties enjoined by the statute. The precise question raised at this point has not previously been decided by this court. It would seem quite clear, however, that the duties imposed upon municipalities in relation to police and firemen's pensions are governmental in character. It is the general rule that municipalities are not, in the absence of statute enacting such liability, liable in damages for the negligence or carelessness of their officers. City of Ottumwa v. Hodge, 112 Iowa 430; Easterly v. Incorporated Town of Irwin, 99 Iowa 694; Jones v. City of Sioux City, 185 Iowa 1178; Gibson v. Sioux County, 183 Iowa 1006; Snethen v. Harrison County, 172 Iowa 81; Rowley v. City of Cedar Rapids, 203 Iowa 1245. That the functions performed by the officers of a municipality in relation to pensions are governmental, see Board of Trustees v. Commissioners of Lincoln Park, 282 Ill. 348 (118 N. E. 746). The

duty enjoined upon municipalities by the statute in question may be enforced by an appropriate remedy, but the only source from which a pension may be paid to a police officer or fireman is the fund created therefor, and in the manner provided by law. The municipality is not liable in damages for the failure of its proper officers to levy a sufficient tax to meet the demands of the pension fund created and maintained thereby. No such liability exists, either at common law or by statute in this state. The function delegated and imposed upon municipalities in relation to pensions for disabled or retired police officers and firemen is, as stated, governmental in character, and an action for damages will not lie against such municipality.

It is our conclusion that the judgment below cannot be sustained, and it is, accordingly, reversed.—*Reversed.*

FAVILLE, C. J., and ALBERT, WAGNER, and GRIMM, JJ., concur.