CLARENCE MATHEWSON, Appellant, v. CITY OF SHENANDOAH et al., Appellees.

No. 46350.

NOVEMBER 16, 1943.

Ferguson & Ferguson, of Shenandoah, for appellant.

John M. Rankin, Attorney General, Floyd Philbrick, First Assistant Attorney General, and G. W. Brown, of Shenandoah, for appellees.

OLIVER, J.— ██ This action grows out of Mathewson v. Board of Trustees of the Firemen's Pension Fund, 226 Iowa 61, 283 N. W. 256, which affirmed a judgment ordering said board to place appellant herein on the pension roll of the firemen's pension fund of the city of Shenandoah, Iowa, and to pay him a pension of $82.50 per month from said fund.

Chapter 322, Code of Iowa, 1939, concerns disabled and retired firemen and policemen. The part of Code section 6310 here applicable provides for an annual levy by cities of a tax at a rate not to exceed one-eighth mill for the purpose of creating firemen's pension funds.

Shenandoah has regularly made an annual levy under said statute to the limit therein provided, but the annual receipts have been and probably will be less than half the amounts accruing upon appellant's pension. He is the only person who has been placed upon said pension roll. However, a former balance kept the fund solvent until 1942.

At that time appellant demanded of the city that it make an emergency tax levy and use the proceeds thereof to augment or supplement said fund so that full payment of his monthly pension could be continued. Upon failure of the city council to institute the necessary proceedings, appellant brought this action in mandamus against the city, its mayor and council, State Board of Appeal of Iowa and its members, seeking an order commanding the doing of the acts necessary to augment said fund in said manner, and also praying that the city be required to retransfer to said pension fund certain alleged improper withdrawals therefrom. The trial court sustained motions to dismiss appellant's petition, and he appeals from the judgment thereafter entered against him on the pleadings.

I. Appellant is entitled to receive payment of his pension and there is a duty resting upon the city to provide a fund sufficient to make the payments accruing thereon. Lage, v. City of Marshalltown, 212 Iowa 53, 235 N. W. 761. That case held such duty to be statutory and not contractual and hence denied recovery in an action at law for the unpaid balance. It is there stated that the proper remedy is by mandamus to compel the performance of the duties enjoined by law upon the municipality. But in the performance of its duties the municipality may employ

only the means provided by law for such purposes. Here Shenandoah has annually levied a tax for this fund to the limit permitted by Code section 6310.

Code chapter 24, Local Budget Law, pertains to tax levies by municipalities. Code section 373, as amended [chapter 59, section 1, Acts of the Fiftieth General Assembly], provides that with the approval of the state board first secured, a municipality may include in its estimate an estimate for an emergency fund, with power to levy a tax therefor at a rate of not more than one mill, and that moneys may be transferred therefrom to any other fund of the municipality for the purpose of meeting deficiencies in any such fund arising from any cause, after written approval of the state board, upon request by two thirds of the governing body of said municipality.

The deficiency in the pension fund is primarily due to the insufficiency of the one-eighth mill pension tax as limited by statute. It does not appear that such deficiency will be merely temporary or occasional but rather that it will probably continue to recur regularly as long as this pension accrues and the statute limiting said tax to one-eighth mill remains in effect.

The establishment and use of an emergency fund is discretionary with the governing body of a municipality and subject to the approval of the state board. Of course, the exercise of such discretion should be honest and not arbitrary.

An emergency levy is not a general substitute for other taxes. The purpose of the emergency fund is to supply deficiencies in any other fund arising from any cause. We think the statute contemplates that the deficiencies in a certain fund, which may be supplied from the emergency fund, should be occasional rather than continuous. A contrary interpretation would afford opportunity for the annual levy, for an unlimited period, of emergency-fund taxes intended to augment a certain other fund, in excess of the statutory tax limit for such fund. The refusal of the mayor and council of Shenandoah to embark upon such a course was not an abuse of discretion.

If, under the circumstances of this case, the city once may be commanded to thus augment the pension fund, such order could be repeated annually. In effect, that would result in the

annual levy for an indefinite term, by judicial order, of a total tax for this purpose, at a rate two or three times the limit fixed by statute for said pension fund. That would constitute an invasion of legislative functions. While appellant's situation is regrettable, we are satisfied that the city council may not be required by mandamus to supply, by emergency levies, funds to remove deficits in the pension fund, which apparently will for some time continuously result from the insufficiency of the statutory pension-fund tax rate. The trial court was correct in so ruling. This holding makes it unnecessary to consider the case as against the State Board of Appeal and its members.

II. Appellant asks that the city be commanded to re-transfer to said pension fund the sum of $291.66, which he alleges it withdrew for court costs, attorney's fees, etc., in the litigation with him. The city and its representatives contend any such withdrawals were proper because made to pay liabilities incurred in the preservation of the trust fund. We are not in disagreement with the authorities cited to sustain the propriety of disbursements by trustees for such purposes, under ordinary circumstances. But the fund here involved is statutory and is one in which the city is directly interested for itself, in that it has become obligated to create and replenish said fund.

Code section 6312 provides:

"* * * no part of the funds realized from any [pension fund] tax levy shall be used for any purpose other than the payment of pensions."

This unequivocal legislative mandate makes it necessary for municipalities to provide for the expense of preserving and operating such pension funds from some source other than the pension tax. Hence, such withdrawals were improper. Upon this phase of the case the order and judgment of the district court is reversed and the cause is remanded. Otherwise, the judgment is affirmed as to the city and its officials and is affirmed in all respects as to the State Board of Appeal and its members.— Affirmed in part; reversed in part.

All JUSTICES concur.