Raymond MUZQUIZ et al.,
Plaintiffs-Appellants,

v.

CITY OF SAN ANTONIO et al.,
Defendants-Appellees.

No. 74-3177.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1978.

Kermitt L. Waters, Las Vegas, Nev., for plaintiffs-appellants.

Harvey L. Hardy, San Antonio, Tex., for defendants-appellees.

Edgar A. Pfeil, Asst. City Atty., San Antonio, Tex., for City of San Antonio.

John E. Fisher, Asst. City Atty., Houston, Tex., for City of Houston et al., amicus curiae.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES.

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE and TJOFLAT, Circuit Judges.*

PER CURIAM:

In *Muzquiz v. City of San Antonio*, 5 Cir., 1975, 520 F.2d 993, a panel of this Court

* Judges Tuttle, Wisdom, Gewin, Dyer and Morgan who were on the en banc court, 528 F.2d 499, are each senior Judges. Subsequently, the Omnibus Judgeship Bill, Public Law 95–486 (95th Congress), 92 Stat. 1629, was approved October 20, 1978 and none participated in this decision.

Judges Hill, Fay, Rubin and Vance, who were not members of the Court at the time of the en banc consideration although afforded an opportunity to do so, did not desire to participate in this order.

held that the Board of Trustees of the policemen's and firemen's pension fund was a "person" within the meaning of 42 U.S. C.A. § 1983. Having made this determination, the Court further found that plaintiff's claims of constitutional violations held no merit.[1]

On rehearing en banc, 528 F.2d 499, this Court upheld the panel's result, but found (1) that neither the City nor the Board was a § 1983 "person," and (2) that we did not have jurisdiction over the individual members of the Board to require them to make payments from the fund to plaintiffs as restitution. The Supreme Court subsequently vacated our judgment and remanded the cause for our "further consideration in light of *Monell v. Department of Social Services of New York*, 436 U.S. 658 [98 S.Ct. 2018, 56 L.Ed.2d 611] (1978)."

We have done so and find that *Monell* should not change the result we originally reached. According to *Monell*, local governing bodies may now "be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d 635.

Following this decision, we of course find the City of San Antonio and the Board of Trustees amenable to suit under § 1983, subject to establishing that the conduct under review satisfies the requirement of implementation or execution of a policy statement, regulation, or officially adopted decision promulgated by the governing body. We do not reach this issue since, assuming the requisite official binding nature of the questioned actions, the Court en banc did not disturb the panel's specific conclusion that no constitutional violations were established. See 528 F.2d 499 at 500. Since the case was put en banc to resolve the § 1983 and related problems, the Court neither then nor now considers it appropriate to review the decision of the panel on the underlying merits.

The City's and Board's new status as potentially suable parties does not change the result reached by the District Court, the panel, and the Court en banc to affirm the District Court.

AFFIRMED.

---

1. We also affirmed the District Court's dismissal of the claim against the City of San Antonio. 520 F.2d at 996.