Barbara A. HESS; Patrick E. Samples; Larry G. DeClue; Clyde L. Daniels; David McClain; Robert E. Appleby and David Lee Merrill, on behalf of themselves and all others similarly situated, Appellants,

v.

The ST. JOSEPH POLICE PENSION FUND; Marvin Atkins; James R. Hays; Ronald E. Fisher; Donald Conroy; Tony Marsola; Mary S. Parker, Director of Finance; James O. Turner, City Attorney; Walter T. Welsh, City Clerk; The City of St. Joseph, Missouri, Trustee of the St. Joseph Police Pension Fund, Appellees.

No. 85–1557.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1986.

Decided April 17, 1986.

Ronald M. Sokol, St. Joseph, Mo., for appellants.

Richard S. Steinberg, St. Joseph, Mo., for appellees.

Before HEANEY, ARNOLD and WOLL-MAN, Circuit Judges.

HEANEY, Circuit Judge.

This is a class action brought on behalf of two groups of former St. Joseph, Missouri police officers for refund of their contributions to the St. Joseph Police Pension Fund. The officers who resigned before completing five years of service were not refunded any of their contribution, and those who resigned after five to twenty-five years received only two-thirds of their contribution pursuant to Mo.Rev.Stat. § 86.523. The officers sought damages pursuant to 42 U.S.C. § 1983, claiming that the refusal of the St. Joseph, Missouri Police Pension Board to refund their contributions constituted a taking of their property without just compensation in violation of the fifth and fourteenth amendments of the

United States Constitution. They also argued that they were denied equal protection inasmuch as they were treated differently from similarly situated civil servants throughout Missouri. They also argued that it is a violation of Missouri law to apply Mo.Rev.Stat. § 86.510 *et seq.*, which sets forth the requirements for a pension plan in a "first class city," to St. Joseph, because it is a "charter city." The district court, 605 F.Supp. 1279, denied the federal constitutional claims, and refrained from ruling on the pendent issue of state law.

On appeal, the class argues that the district court erred in denying the federal constitutional claims, and abused its discretion in dismissing the state claim. We affirm with respect to the constitutional questions, but remand to the district court with directions to determine the state law question.

## BACKGROUND

St. Joseph, Missouri operated for some period of time as a first class city. While thus operating the city established a pension fund pursuant to Mo.Rev.Stat. §§ 86.-510 *et seq.* These sections set forth the requirements for police pension plans established in first class cities. Pursuant to Mo.Rev.Stat. §§ 86.523, benefits under the pension fund do not vest for five years, and officers leaving the police force between their fifth and twenty-fifth year receive back only two-thirds of their contribution.

In November 1961, St. Joseph became a constitutional charter city and has operated as such to this day. Section 7.8 of the first charter provided "all existing retirement plans shall be continued." This section essentially authorized the continued existence of the police pension plan despite the fact that St. Joseph was no longer operating as a city of the first class.

In June 1983, this class action was filed in the United States District Court for the Western District of Missouri. The case was submitted on stipulated facts. The court denied the officers' federal constitutional claims, and abstained from ruling on the pendent state law claim. This appeal followed.

## DISCUSSION

The officers contend that the district court erred in denying their federal constitutional claims. They argue that the Pension Board's refusal to refund all of their contributions constitute a taking of their property without just compensation in violation of the fifth and fourteenth amendments. They also claim they were denied equal protection because they were treated differently from two classes of similarly situated Missouri civil servants. First among these is a group of St. Joseph Police officers who are exempted, due to age or health, from participating in the fund and instead participate in a pension plan known as LAGERS.[1] The second group are police officers from other cities in the State of Missouri who are refunded their entire contributions when their employment ceases, pursuant to statutory plans. The officers with less than five years service make the additional argument that they are denied equal protection because they are treated differently from those St. Joseph officers with more than five years experience.

■■■ The district court rejected both the takings argument and the equal protection claims, relying on *Muzquiz v. City of San Antonio*, 520 F.2d 993 (5th Cir.1975), *aff'd on other grounds*, 528 F.2d 499 (5th Cir. en banc 1976), *vacated and remanded*, 438 U.S. 901, 98 S.Ct. 3117, 57 L.Ed.2d 1144, *aff'd on original grounds*, 586 F.2d 529 (5th Cir. en banc 1978) (per curiam). The court determined that there was no "taking" because although the officers did not, as it turned out, receive back their entire contributions to the pension fund, they did receive protection during their working years in the event of death or disability in exchange for their contribution. With respect to the equal protection claims, the district court determined: 1) that LAGERS participants were not treated more favorably because they had a later retirement age; 2) that different pension plan terms in legislation governing cities of different sizes needs no explanation to withstand equal protection attack; and 3) that the different treatment of police officers with less than five years of experience motivates them to stay with the force at least five years and thus provides the people of St. Joseph with more experienced police officers. Finding no error, we affirm the district court's determination of the constitutional issue on the basis of its well-reasoned opinion. *See* 8th Cir.R. 14.

The next issue is whether the district court erred in refraining from deciding the state claim.[2] The state claim essentially is that since Mo.Rev.Stat. §§ 86.510 *et seq.* sets forth pension plans for cities of the first class, these provisions do not apply to St. Joseph, a constitutional charter city. As support for this argument, the officers point to Article VI, § 22 of the Missouri Constitution which states:

> No law shall be enacted creating or fixing the powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter under this or any previous constitution, and all such offices or employments heretofore created shall cease at the end of the terms of any present incumbents.

Additionally, they argue that because the St. Joseph City Council never established a successor plan after the city became a charter city, the existing police pension plan is not authorized by law.

■■■ We recognize that pendent jurisdiction over state claims is a matter of discretion for the district court. That discretion should generally be exercised, however, when the advantages of judicial economy, convenience, and fairness to the litigants weigh in favor of adjudication of the state claims. *See Hagans v. Lavine*, 415 U.S. 528, 544–46, 94 S.Ct. 1372, 1382–84, 39

---

1. LAGERS, established pursuant to Mo.Rev.Stat. §§ 70.600 *et seq.*, is the pension plan for local government employees not participating in another plan. Members of LAGERS are refunded their entire contribution when their city employment ceases.

2. Appellants also claim that the Pension Board abused its discretion in not considering their requests for refund when no statutes, ordinances or rules prohibited it from so doing. This issue is premised on the state claims and therefore we will not address it.

L.Ed.2d 577, 592–93 (1974). The argument for pendent jurisdiction over the state law claim is particularly strong in this case. The federal claim and the state claim require similar types of proof. Because extensive evidence has already been introduced on the federal question, judicial economy would be served by the district court adjudicating the state law question. Additionally, none of the litigants would be prejudiced. Moreover, if the district court does not determine this issue, some of the class members may not have the opportunity to test the legality of the refund policies in state court, due to a statute of limitations defense.

Affirmed in part, reversed in part, for further proceedings consistent with this opinion.