Roland L. GRANDIA, Appellee,

v.

The CITY OF OSKALOOSA, Iowa, and the Board of Fire Trustees of the City of Oskaloosa, Iowa, Appellants.

No. 86–663.

Supreme Court of Iowa.

May 13, 1987.

---

3. Hennessey's attorney exercised one of his preemptory challenges to remove that juror from the panel.

William F. Sueppel of Meardon, Sueppel, Downer & Hayes, Iowa City, and Scott Campbell, Oskaloosa, for appellant.

Roland L. Grandia, pro se.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and NEUMAN, JJ.

SCHULTZ, Justice.

The question presented by this case is whether a city must refund to a former firefighter contributions made through mandatory payroll deductions to a pension fund, when the firefighter is terminated from service prior to the vesting of his pension. The district court held that the contributions should have been refunded and ordered that judgment be entered in favor of plaintiff Grandia for the amount of his contributions plus interest. Defendants, the City of Oskaloosa and the Board of Fire Trustees of the City of Oskaloosa, referred to hereafter collectively as the city, appeal. We reverse.

Plaintiff was employed by the city as a firefighter for five years. The city terminated his employment May 30, 1984. Over his five years as a firefighter, plaintiff paid in $2,375.32 to the statutorily established pension fund by way of a mandatory payroll deduction. *See* Iowa Code § 411.8(1)(f) (1983). Upon the termination of his employment, plaintiff requested a refund of these contributions. The city refused to refund the money, relying on Iowa Code section 411.6(1)(b), which requires fifteen years of membership in the retirement system before an employee becomes eligible to receive pension benefits. The chapter on police officers' and firefighters' retirement systems is silent concerning refunds of contributions. *See* Iowa Code ch. 411.

The district court, finding that plaintiff had no notice that his contributions would not be refunded if his employment ended in less than fifteen years, ordered the city to make the refund. The court noted that "common sense" would have led plaintiff to believe he would receive a refund of his contributions, and that the fund and other retirees would benefit at the expense of plaintiff. The court reasoned that if the legislature had intended that no refund be made, it could have so provided in the statute. Additionally, the district court held that the city's refusal to refund this money was an unconstitutional taking of plaintiff's property without due process. *See* U.S. Const. amends. V, XIV.

The city appeals this decision, contending that it is contrary to legislative intent, and to the overwhelming majority of holdings by both state and federal courts in other jurisdictions. Further, the city contends that the refusal to refund was not an unconstitutional taking. Plaintiff did not file a brief on this appeal. We consider first the legislative intent, then the constitutionality.

Prior to the 1979 amendment of chapter 411, members of police officers' and firefighters' retirement systems were required to contribute to two different funds. Monies contributed to the "annuity savings fund" were required to be refunded upon the member's withdrawal from the system. Iowa Code § 411.6(10) (1977). If the member stayed in the system until retirement, the member was paid an annuity for life. *Id.* § 411.6(2)(a).

In contrast, contributions to the "pension accumulation fund" were also compulsory, but no provision for refund upon withdrawal from the system was made in the statute. *Id.* § 411.8(3). When the chapter was revised in 1979, contributions to the annuity fund were made refundable to members or former members, and the portion of the chapter establishing the annuity fund was repealed. *See* Iowa Code § 411.21 (1985). The chapter as amended still contains no provision for refund of the pension accumulation fund.

■ We believe this history indicates a legislative intent that these contributions be nonrefundable when a member is terminated prior to vesting. The legislature, when it revised the pension chapter, is presumed to have known the existing state of the law regarding the statute before it. *State v. Rauhauser*, 272 N.W.2d 432, 434 (Iowa 1978). Thus, the legislature was aware of the previous provisions allowing the refund of contributions to the annuity savings fund to nonvested former employees. The legislature's failure to provide in the revised statute for a refund of contributions to the pension accumulation fund indicates it did not intend to allow a refund, as was allowed under section 411.6(10) (1977) for annuity fund contributions. *See*

*State ex rel. Palmer v. Board of Supervisors*, 365 N.W.2d 35, 37 (Iowa 1985); *Slockett v. Iowa Valley Community School Dist.*, 359 N.W.2d 446, 448 (Iowa 1984). The trial court stated that there was "nothing in this record to indicate that plaintiff was ever aware that his contributions of his property would not be returned." Conversely, nothing in the record or in the statute shows that plaintiff had reason to believe his contributions would be refunded if he was terminated prior to vesting. The trial court erred in finding that the legislature intended to allow such a refund.

■ The trial court's holding that the city's refusal to refund plaintiff's contributions is an unconstitutional taking without due process is also erroneous. In almost every case in which this issue has arisen, courts have held that such a refusal to refund is not a deprivation of property without due process, and thus is not unconstitutional. *See, e.g., Muzquiz v. City of San Antonio*, 520 F.2d 993 (5th Cir.1975), *aff'd on rehearing en banc*, 528 F.2d 499 (5th Cir.1976), *vacated and remanded*, 438 U.S. 901, 98 S.Ct. 3117, 57 L.Ed.2d 1144 (1978), *aff'd*, 586 F.2d 529 (5th Cir.1978); *Derby v. Police Pension & Relief Bd.*, 159 Colo. 468, 412 P.2d 897 (1966); *Stevens v. Board of Trustees of Police Pension Fund*, 370 So.2d 528 (La.1979); *Sandell v. Saint Paul Police Relief Ass'n*, 306 Minn. 262, 236 N.W.2d 170 (1975). *See also* 3 E. McQuillin, *The Law of Municipal Corporations* § 12.146, at 626 (J. Dray 3d rev. ed. 1973).

Recently, the United States Court of Appeals for the Eighth Circuit came to the same conclusion in *Hess v. St. Joseph Police Pension Fund*, 788 F.2d 1344 (8th Cir. 1986). *Hess* involved a suit by former police officers for refund of their contributions to a pension fund; they claimed, among other things, a due process violation. *Id.* at 1345. The Eighth Circuit affirmed the district court's holding that there was no constitutional violation. The rationale was that, while the plaintiffs would receive neither a pension nor a refund, they had received the benefits of other protections, such as disability and

accidental death insurance, during the period of their employment. Thus there was consideration for their contributions, and therefore no unconstitutional taking. *Id.* at 1346.

We find this reasoning persuasive. Plaintiff, during the five years he served as a firefighter, was protected against the contingencies of disability or death under Iowa Code section 411.6. The benefits provided under section 411.6 are analogous to those provided by a term insurance policy: the insured is covered by the insurance while premiums are paid; once payment is discontinued, the coverage ceases. The insured does not, however, become entitled to a refund of premiums previously paid. This theory is also consistent with Iowa case law holding that a statute providing for a pension may be modified or even repealed by the legislature; the member of the system has no right to a pension until the event specified in the statute, *e.g.*, completion of fifteen years of service, occurs. *See Lage v. City of Marshalltown,* 212 Iowa 53, 55–56, 235 N.W. 761, 763 (1931). We hold there was no constitutional violation in the city's refusal to refund plaintiff's contributions to the pension fund.

In summary, we hold that the district court erred in finding a legislative intent to allow a refund of plaintiff's contributions to the pension accumulation fund. Additionally, we hold that the city's refusal to make such a refund was not an unconstitutional deprivation of property without due process of law. We reverse the trial court's ruling and remand for entry of judgment in favor of defendants.

REVERSED AND REMANDED.