Alice HASSETT, an individual, and Alice Corporation, by and through its statutory trustee, Alice Hassett, Appellants,

v.

LEMAY BANK AND TRUST COMPANY, Thomas T. O'Hare, Appellees.

Michael Foglia, Jr.

No. 87–2335.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1988.

Decided July 22, 1988.

---

Arthur G. Muegler, Jr., St. Louis, Mo., for appellants.

Gerard T. Carmody, St. Louis, Mo., for appellees.

Before BEAM, Circuit Judge, and BRIGHT, and SNEED,[*] Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Alice Hassett and the Alice Corporation appeal from an order granting summary judgment[1] against them on their claims under 42 U.S.C. § 1983 and on their related state tort claims arising out of a replevin action instituted by appellee Lemay Bank and Trust Company. For reversal, Hassett and the Alice Corporation argue (1) that their complaint properly states a claim under 42 U.S.C. § 1983 and (2) that the district court abused its discretion in dismissing the pendent state claims.

We affirm the judgment of the district court.

## I. BACKGROUND

On December 1, 1980, Lemay Bank instituted a replevin action in the St. Louis County Circuit Court to recover possession of used tavern equipment in which the Bank asserted a security interest. The St. Louis County Circuit Court issued an order of delivery in replevin. Pursuant to that order, Deputy St. Louis County Sheriff, Michael Foglia, Jr., together with Thomas O'Hare, a Lemay Bank officer, obtained possession of the equipment. After a hearing held some six weeks later, the St. Louis County Circuit Court granted Lemay Bank possession of the property.

Hassett and the Alice Corporation thereupon filed suit[2] against Lemay Bank,

---

[*] The HONORABLE JOSEPH T. SNEED, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

[1.] The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

[2.] Hassett and the Alice Corporation initially filed suit in the St. Louis County Circuit Court, but voluntarily dismissed that action. They then filed suit in the Circuit Court for the City of St. Louis. That court dismissed the petition for lack of venue. This action followed.

O'Hare[3] and Foglia.[4] Counts I and VI are, respectively, the Corporation's and Hassett's claims alleging violations of 42 U.S.C. § 1983 by all three defendants. The remaining counts of the ten count complaint are pendent state law tort claims.

The crux of the complaint is that Lemay Bank, through its officer O'Hare and with the assistance of Sheriff Foglia, a state actor, misused the Missouri replevin statute and thereby unconstitutionally deprived Hassett and the Alice Corporation of their property without due process of law. The complaint is replete with allegations that the Bank fraudulently procured the order in replevin. Hassett and the Alice Corporation also summarily assert that the Missouri replevin statute is unconstitutional as applied to them.

The district court granted the Bank's motion to dismiss, or in the alternative, for summary judgment. Judge Cahill reviewed the suit in light of *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), and determined that because the complaint alleged a private misuse of the Missouri replevin statute, the Alice Corporation and Hassett failed to state a claim under section 1983. The district court thereupon granted summary judgment in favor of the Bank. Judge Cahill filed a subsequent order clarifying that he had granted Lemay Bank's motion in full and that "Lemay Bank and its officers are no longer parties to this suit."[5]

The Alice Corporation and Hassett appeal from the district court's order. We affirm.

## II. DISCUSSION

In reviewing an order granting summary judgment, we apply the same standard which governs the district court; i.e., summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Umpleby v. United States*, 806 F.2d 812, 814 (8th Cir.1986); Fed.R. Civ.P. 56(c). The party opposing the motion is entitled to all reasonable inferences to be drawn from the facts and all facts are to be viewed in the light most favorable to that party. *Portis v. Folk Constr. Co.*, 694 F.2d 520, 522 (8th Cir.1982).

### A. Section 1983 Claims

To state a claim under section 1983, a plaintiff must demonstrate that the defendant deprived him/her of a constitutional right while acting under color of state law. *Roudybush v. Zabel*, 813 F.2d 173, 176 (8th Cir.1987) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)). Private misuse of a statute by a private actor is not sufficient to state a claim under section 1983. *Lugar*, 457 U.S. at 940, 102 S.Ct. at 2755.

Hassett and the Alice Corporation allege that the Missouri replevin statutes and procedures "as applied to plaintiffs in this action, are each unconstitutional under the Fourteenth Amendment to the United States Constitution by denying plaintiffs procedural and substantive due process of law for the reasons and upon the grounds alleged in the complaint." A full reading of the complaint, however, reveals only allegations of private misuse of Missouri's replevin statute by Lemay Bank, through its agent O'Hare.

In their complaint, Hassett and the Alice Corporation allege, *inter alia*, that O'Hare executed a fraudulent affidavit in replevin

---

3. Hassett and the Alice Corporation never obtained service of process over O'Hare. He thus is not a party to this lawsuit.

4. Hassett and the Alice Corporation settled its dispute with Foglia out of court after the district court dismissed the complaint against Lemay Bank.

5. We note that in the district court's clarifying order, as well as in a prior order on reconsideration of its order granting Lemay Bank's motion for summary judgment, Judge Cahill expressly indicates that summary judgment is granted on behalf of O'Hare and that Lemay Bank's officers are no longer parties to the lawsuit. Hassett and the Alice Corporation, however, never served O'Hare or any other Lemay Bank officer with process in this suit. Thus, Judge Cahill's order has no effect as to O'Hare.

in support of Lemay Bank's position in replevin; that the petition contained numerous material false representations; that O'Hare and the Bank fraudulently prepared, filed, prosecuted and executed the petition in replevin; and that Lemay Bank and O'Hare knew or should have known that the order of delivery issued by the St. Louis County Circuit Court, together with the writ in replevin and the judgment, were fraudulently procured by the Bank and O'Hare based upon the false affidavit and petition in replevin.

■ These allegations amount to nothing more than allegations of private misuse of the Missouri replevin statutes by O'Hare and Lemay Bank. Such allegations, that a private party acted unlawfully with respect to a constitutional state statute, fail to state a claim for relief under 42 U.S.C. § 1983. *Roudybush*, 813 F.2d at 177; *see also Lugar*, 457 U.S. at 940, 102 S.Ct. at 2755.

### B. Pendent Jurisdiction

The remaining claims against Lemay Bank are state law tort claims. The district court, after dismissing the § 1983 claims against Lemay Bank, refused to exercise its pendent jurisdiction over these state law claims.

■ The decision to exercise pendent jurisdiction over state law claims is a matter of discretion for the district court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Hess v. St. Joseph Police Pension Fund*, 788 F.2d 1344, 1346 (8th Cir. 1986). In *Gibbs*, the Supreme Court specifically noted, "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Thus, the district court properly exercised its discretion in refusing to exercise pendent jurisdiction over the Alice Corporation's and Hassett's numerous state law claims.

Hassett and the Alice Corporation complain, however, that because the district court never explicitly dismissed the pendent state law claims, it never properly exercised its discretion. The district court order does not explicitly mention the state law claims, but the clarification order dismissed *all* claims against Lemay Bank. This, in light of the usual practice of dismissing pendent claims when the federal claims are dismissed before trial, requires us to construe the district court's order as a dismissal of the pendent state law claims without prejudice. *See Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir.1981).

■ Finally, Hassett and the Alice Corporation argue that the district court abused its discretion in dismissing the pendent claims against Lemay Bank because, at that point in the litigation, all claims were still pending against Sheriff Foglia and, pursuant to Fed.R.Civ.P. 19(a)(1), the Bank was a necessary, indispensible party to those claims. This issue is moot. Hassett and the Alice Corporation have since settled its claims against Foglia, who is no longer a party to this lawsuit.

### III. CONCLUSION

In accordance with the foregoing, we affirm the judgment of the district court. We make clear, however, that the district court's order does not apply to Thomas O'Hare, who was never served with process in this action. We further make clear to the parties that, although the section 1983 claims of Hassett and the Alice Corporation were dismissed with prejudice, the pendent state claims were dismissed without prejudice.