William J. HISLE, Bernard F. Adams, John Meade Betz, Jr., Lowell A. Daugherty, Lois Hilda Daugherty, Wilbur Gail Griffiths, Verne E. Leach, Pauline McNeil, Jessie W. Miller, Floyd E. Nichols, Waldo Palmer, Joseph W. Phillips, James B. Riley, Jack E. Sapp, Charles E. Scheurich, Gerald J. Sieck, James A. Snell, Clayborne Taite, Leroy J. Miller, M.D., Morgan L. Baskett, Donald F. Elderbrook, Lowell Forbes, Dorothy Mae Hill, Mary Louise McGee, Arley R. Perkins, Clifford W. Perkins, William A. Jackson, William Glenn Rollins, Joab Sublett, Jr., Mary Virginia Noel, Raymond A. Crane, Louis E. Morgan, Leonard L. Cunningham, Wallace R. Robinson, Glen F. Ballard, Glenn W. Hahn, James K. Bozarth, Plaintiffs,

v.

**MISSOURI LOCAL GOVERNMENT EMPLOYEES' RETIREMENT SYSTEM, City of Columbia, Missouri, Defendants.**

No. 90–4081–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Aug. 7, 1991.

William D. Powell, Columbia, Mo., for plaintiffs.

Robert L. Hawkins, III, Hawkins Law Offices, Jefferson City, Mo., for defendant Mo. Local Govt.

Fred Boeckman, Columbia, Mo., for defendant City of Columbia.

## ORDER

SCOTT O. WRIGHT, District Judge.

Before the Court is defendant Missouri Local Government Employees' Retirement System's (LAGERS) motion for summary judgment and the plaintiffs' cross-motion for summary judgment on Count One. Also before the Court is plaintiffs' motion to dismiss Counts Two and Three without prejudice.

Plaintiffs claim that their rights under the Equal Protection Clause of the Fourteenth Amendment have been violated by the defendants' discriminatory actions. The parties have stipulated to the facts in this case. Therefore, there are no genuine disputes as to a material fact, and summary judgment is appropriate. For the following reasons, defendant LAGERS' motion for summary judgment is granted, and the plaintiffs' motion for summary judgment is denied. Plaintiffs' motion to dismiss Counts Two and Three is granted.

## I. STATEMENT OF FACTS

The parties have stipulated to the facts. The plaintiffs, with the exception of Mary V. Noel, are retired employees of defendant City of Columbia. Mary V. Noel is a beneficiary of LAGERS by virtue of her deceased spouse, who was a member of LAGERS. Defendant City of Columbia is a constitutional charter city of the State of Missouri. Defendant LAGERS is a Missouri corporation established by the Missouri General Assembly in 1967.

LAGERS was created by Mo.Rev.Stat. § 70.605. The purpose of Section 70.605 was to provide pensioning for the officers and employees, and the widows and children of the officers and employees, of any political subdivision within the state. Section 70.605 allowed political subdivisions to join LAGERS at their option. In 1969, the City of Columbia, by Ordinance 3813, elected to join LAGERS.

Plaintiffs (except Mary V. Noel) and Mary V. Noel's deceased husband were then required to make contributions to LAGERS out of the salary they received from the City of Columbia. In addition, the City of Columbia made a contribution to LAGERS on behalf of each plaintiff (except Mary V. Noel) and Mary V. Noel's deceased husband.

In 1982, by Mo.Rev.Stat. § 70.705(6), the State of Missouri empowered the political subdivisions with the authority to elect to discontinue member contributions to LAGERS. On September 19, 1983, by Ordinance 9935, the City of Columbia elected to eliminate future member contributions. In 1987, by Mo.Rev.Stat. § 70.707, the State of Missouri authorized each political subdivision (that had eliminated member contributions for five or more continuous years) to elect to refund the member contributions. On October 16, 1989, by Ordinance 12384, the City of Columbia elected to refund accumulated member contributions. The City of Columbia then refunded the member contributions to those employees and officers in the employment of the City of Columbia on October 16, 1989. All of the plaintiffs (except Mary V. Noel) and Mary V. Noel's deceased husband had retired from employment with the City of Columbia by October 16, 1989. Plaintiffs seek the contributions each made to LAGERS, and the interest due on the contributions. (Except Mary V. Noel, who seeks her deceased husband's contributions and interest.)

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) requires "the entry of summary judgment ... against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden on the party moving for summary judgment "is only to demonstrate ... that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.*, 838 F.2d 268, 273 (8th Cir.1988).

Once the moving party has done so, the burden shifts to the non-moving party to go beyond the pleadings and by affidavit or by "depositions, answers to interrogatories, and admissions on file" show that there is a genuine issue of fact to be resolved at trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### III. ANALYSIS

Because the parties have stipulated to the material facts, both parties meet the original burden of their respective summary judgment motions. The record does not disclose a genuine dispute on a material fact. Therefore, all that remains for the Court is to decide this case as a matter of law. *Master Insulators of St. Louis v. International Ass'n of Heat and Frost Insulators and Asbestos Workers, Local No. 1*, 925 F.2d 1118, 1120 (8th Cir.1991).

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. Section 1983 makes liable anyone who, while acting under the color of the law, deprives others of their rights. Plaintiffs allege that defendants, while acting under Missouri statutes, violated their rights under the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs contend that the violation of their rights occurred when those employed by the City of Columbia on October 16, 1989, received a refund of member contributions, yet plaintiffs, who had retired by that date,

did not receive a refund of their member contributions.

All of the parties agree that the appropriate standard to measure the constitutionality of defendant's conduct is the "rational basis" or "rational relation" test. "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations, and require only that the classification challenged be rationally related to a legitimate state interest." *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–17, 49 L.Ed.2d 511 (1976).

Plaintiff contends that there is no "legitimate state interest" in differentiating between the two groups of employees. Both defendants assert that legitimate state interests exits.

Defendant LAGERS claims the state interest in creating the classification is in providing a better retirement system. LAGERS contends a better retirement system is created because it is able to provide pensions at lower costs to future employees. LAGERS also asserts the retirement system bolsters the morale of the present employees who received a refund of contributions.

Defendant City of Columbia justifies the distinction by claiming that there is a state interest in refunding contributions to present employees, whereas no state interest exists in refunding contributions to retired employees. City of Columbia states that the state interest in refunding to present employees is to set all current employees (those that had made prior contributions and those that had not) at the same status. City of Columbia believes this is necessary because all of the present employees will receive pension benefits based on the same formula, regardless of prior contributions. Therefore, the City asserts, not refunding contributions to those who had contributed in the past would not be fair. This unfairness, according to the City, would lead to conflict among the current employees. City of Columbia contends that this purpose would not be

served by giving refunds to those employees who have already retired.

Both defendants assert that the interest as stated is clearly related to the classification allowed under Mo.Rev.Stat. § 70.705.

The Eighth Circuit dealt with a similar set of facts in *Hess v. St. Joseph Police Pension Fund,* 788 F.2d 1344 (8th Cir. 1986). In *Hess,* two groups of former St. Joseph police officers brought suit against their pension fund. The fund was established by Missouri statutes. None of the benefits under the fund vested in the contributing officer until the fifth year of employment. Officers on the force between five and twenty-five years received two-thirds of their contributions back. The two groups of plaintiffs were those on the force less than five years, and those on the force between five and twenty-five years. The officers alleged they were discriminated against under the color of the law because other St. Joseph employees were given different benefits under LAGERS. The Eighth Circuit affirmed Judge Sachs' decision that there was a rational relationship between treating the employees differently and the state interest in an experienced police force. "More uniform treatment of all municipal employees as a group may be legislatively desirable, but it is not mandated by the equal protection clause." *Hess v. St. Joseph Police Pension Fund,* 605 F.Supp. 1279, 1283 (W.D.Mo.1985) *aff'd in part, rev'd on other grounds,* 788 F.2d 1344 (8th Cir.1986).

In *City of New Orleans,* the Supreme Court held

When local economic regulation is challenged solely as violating the Equal Protection Clause, this Court consistently defers to legislative determinations as to the desirability of particular statutory discriminations.

*City of New Orleans* 427 U.S. at 303, 96 S.Ct. at 2516. "In short, the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations ..." *Id.* at 303, 96 S.Ct. at 2517.

This Court holds that defendants have presented legitimate state interests involved in the decisions to discriminate against plaintiffs. The discrimination against plaintiffs has been shown to be directly linked to the state interests of improving the retirement system and making all present employees equal. Therefore, a rational relationship exists between the classification and the state interests, and defendant LAGERS is entitled to summary judgment as a matter of law.

Defendant City of Columbia has filed suggestions in opposition to plaintiffs' motion for summary judgment. However, City of Columbia has not moved for summary judgment.

Pursuant to Fed.R.Civ.P. 41(a)(2), this Court grants plaintiffs' motion to dismiss Counts Two and Three. It is hereby

ORDERED that plaintiffs' motion for summary judgment is denied. It is further

ORDERED that defendant Missouri Local Government Employees' Retirement System's (LAGERS) motion for summary judgment is granted. It is further

ORDERED that plaintiff's motion to dismiss Counts Two and Three is granted.

ORDERED that the action against defendant Missouri Local Government Employees' Retirement System's (LAGERS) is dismissed.