# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3515

_____

Charles H. Sturgeon,

                Appellant,

        v.

Duane Benton, Chief Justice;
Ann K. Covington, Judge; John
C. Holstein, Judge; Stephen N.
Limbaugh, Jr., Judge; William Ray
Price, Jr., Judge; Ronnie L. White,
Judge; J. Wolff, Judge; Edward D.
Robertson, Jr., Former Judge;
Robert G. Dowd, Jr., Chief Judge;
Lawrence G. Crahan, Judge and
former C. J.; Clifford H. Ahrens,
Judge; William H. Crandall, Jr., Judge;
Kathianne Knaup Crane, Judge;
Robert E. Crist, Sr., Judge; James
R. Dowd, Judge; Gary M. Gaertner,
Judge; Mary Kathryn Hoff, Judge;
Kent E. Karohl, Judge; James A.
Pudlowski, Judge; Mary Rhodes
Russell, Judge; Paul J. Simon, Judge;
Richard B. Teitelman, Judge; Charles
B. Blackmar, Sr., Former Judge;
Stanley Arnold Grimm, Former Judge;
Melvyn W. Wiesman, Family Court
Administrative Judge, Division 19;
Victoria Mullen-McKee, Family Court
Commissioner, Division 64; Joseph

Appeal from the United States
District Court for the
Eastern District of Missouri

[UNPUBLISHED]

A. Goeke, III, Associate Circuit Judge,   *
Division 34; Susman, Schermer,   *
Rimmel & Shifrin; Frank Susman,   *
MBEN 19984; Norton Y. Beilenson,   *
MBEN 17888; Deborah Benoit;   *
Elaine M. Sturgeon,   *
  *
       Appellees.   *

_____

Submitted: October 30, 2000

Filed: November 8, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Charles H. Sturgeon appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri, dismissing under Fed. R. Civ. P. 12(b)(1) and (6) his civil rights action, in which he asserted the violation of his rights under 42 U.S.C. §§ 1983, 1985, and 1986 in connection with unsuccessful divorce-decree-modification proceedings he had initiated in state court. For reversal, he argues the district court erred in concluding that it lacked jurisdiction to hear his claims, that the judicial defendants were immune, and that he had not alleged a conspiracy. He also asserts that the state judicial officer who issued rulings in his divorce litigation was not authorized to do so. Some defendants have moved for summary affirmance. We deny

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

their motion and, for the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, see Phillips v. Ford Motor Co., 83 F.3d 235, 239 (8th Cir. 1996), we conclude dismissal of Sturgeon's complaint was warranted. First, the district court lacked jurisdiction to hear claims relating to Sturgeon's divorce proceedings, including his claim that a state judicial officer lacked authority to issue various rulings. See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296 (1970) (federal district courts may not sit in review of state court decisions); Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995) (Rooker-Feldman[2] doctrine precludes federal court from reviewing state court action if relief requested would effectively reverse state court decision or void its ruling); Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (federal court lacked subject matter jurisdiction to hear tort claims inextricably intertwined with property settlement incident to divorce proceeding). Second, the judicial defendants were immune from civil liability for damages, see Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986), Sturgeon's ex-wife and her lawyers did not act under color of state law by using the state court system. See Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1129 (8th Cir. 1988). Finally Sturgeon did not sufficiently allege a conspiracy, much less invidiously discriminatory animus on the part of defendants. See Brandon v. Lotter, 157 F.3d 537, 539 (8th Cir. 1998) (§ 1986); Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) (§ 1985); Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) (§ 1983).

Accordingly, we affirm. Because we, like the district court, may not review state court decisions, we deny Sturgeon's pending petition for injunctive relief from garnishment orders entered by the state court.

---

[2]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.